THE STATE OF KANSAS, *on the relation of L. B. Kellogg, Attorney General*, v. THE MISSOURI PACIFIC RAILWAY COMPANY.*

ACTION *to Enforce an Order by Railroad Commissioners.* A railroad company which had been running an exclusive passenger-train, as well as a freight-train each way every day over one of its branches, finding the revenues from the service insufficient to meet the expenses of maintenance and operation, withdrew the passenger-train, and thereafter ran only a daily train each way, which carried both passengers and freight. Upon complaint to the board of railroad commissioners, that tribunal made an order directing the railroad company to restore and operate the passenger-train as before. The railroad company declined to comply with the order; and in a proceeding in *mandamus* it is *held* that the order is not final or conclusive, and cannot be specifically enforced in the courts. (*The State, ex rel., v. Railroad Co.*, 47 Kas. 497.)

*Original Proceeding in Mandamus.*

THIS is a proceeding in this court to compel the Missouri Pacific Railway Company to increase its train-service on the LeRoy & Caney Air Line road,— a little railroad about 51 miles long, between Roper, in Wilson county, and Peru, in Chautauqua county. In the stipulation of facts entered into and filed in this case, it was admitted that a mixed train, carrying both passengers and freight, was run over the railroad each way daily, but on the 20th of January, 1890, the board of railroad commissioners of the state ordered that a train for passengers exclusively should also be put in operation upon the road. It was also admitted that the earnings of a passenger-train on the road would probably not be sufficient to meet the expense

---

* NOTE.— On the subject of *mandamus* to compel operation of railroad, see note to *The State, ex rel., v. D. C. M. & T. Rly. Co.*, 53 Kas. 329; 24 L. R. A. 564.

incurred in its operation. Other facts are stated in the opinion herein, filed October 5, 1895.

*F. B. Dawes*, attorney general, for plaintiff.
*Waggener, Horton & Orr*, for defendant.

The opinion of the court was delivered by

JOHNSTON, J. : The LeRoy & Caney Valley Air Line Railroad Company constructed a short line of railroad, which was leased to the Missouri Pacific Railway Company and which afterward formed a branch of the Missouri Pacific system. Prior to October 20, 1889, the Missouri Pacific Railway Company, operating the branch road under the lease, ran a daily passenger-train each way over the branch, and in addition thereto a freight-train each way per day. The receipts of revenue from the operation of the train being insufficient to meet the expense of maintenance and operation, the railway company, on October 20, 1889, withdrew the passenger-train, and thereafter only a daily train, carrying both passengers and freight, was run over the road each way. On November 1, 1889, a petition was presented to the board of railroad commissioners, signed by citizens living along the line of the railroad, complaining of the withdrawal of the passenger-train from the road and the discontinuance of the operation of the same, and praying for an order from that board for its restoration and operation as theretofore. After a hearing, and on January 20, 1890, the board of railroad commissioners rendered a decision in favor of the petitioners, and ordered the railroad company to restore the passenger-train service within 30 days from that date: Afterward an extension of time for putting on the passenger-train service was ordered and a rehear-

ing had, which resulted in an affirmance of the first order and a direction that the passenger-train should be restored to the road on or before May 1, 1890. The railway company declined to comply with this order, and the present proceeding was brought to compel compliance with and specifically enforce the order of the railroad commissioners.

The controlling question is whether the court has power to enforce such an order of the board of railroad commissioners. This question has, in effect, been answered in the negative by a decision which was made since the present action was begun. (*The State, ex rel., v. Railroad Co.*, 47 Kas. 497.) In that case it was held that an order of the board requiring the railroad company to repair its track so as to promote the safety and convenience of the public is advisory only, and is not final and conclusive upon the railroad company, or in the courts. The powers of the board in the matter of requiring a railroad company to operate its road properly and furnish sufficient passenger service are to be found in §5 of the act creating the board and defining its powers and duties. (Gen. Stat. of 1889, ¶ 1328.) This is the section which was construed in the cited case, and the powers of the board with respect to the operation of the road are no greater or more extended than with respect to the making of repairs. As was there held, the board is not clothed with judicial power, and its order under the provisions mentioned is not final and conclusive; nor has any legislative provision ever been made for the specific enforcement of such orders by *mandamus* or other judicial proceeding. The statute, instead of providing for the enforcement of such an order when compliance is refused, merely directs the board to make a report of its proceedings and de-

cision to the governor. Following that decision, it must be held that the state is not entitled to the relief which is asked, and therefore the peremptory writ will by denied.

ALLEN, J., concurring.

MARTIN, C. J., having been of counsel, did not sit in the case.