No. 21,061.

THE CITY OF KANSAS CITY, *Appellee*, V. CHARLES H. SESSIONS et al., as THE PUBLIC UTILITIES COMMISSION, *Appellants*.

SYLLABUS BY THE COURT.

1. INJUNCTION — *Action against Utilities Commissioners — County in Which Action May be Brought*. Under the statute requiring an action against a public officer for an act done by him in virtue of his office to be brought in the county in which the cause or some part of it arose, the county in which the public utilities commission is about to hear an application for a rate increase is a proper one in which to bring an action to enjoin such hearing on the ground of a want of jurisdiction.

2. STREET RAILWAY—*Application for Leave to Increase Charges—Jurisdiction of . Utilities Commission*. Where a street railway company applies to the public utilities commission for leave to increase its charges, an action will not lie to enjoin the commission from acting thereon on the grounds that the company is a "one-city" utility, that the existing rate has been fixed by an unexpired contract, and that the business is not subject to local control because of its interstate character. Inasmuch as the commission's power to allow such application depends upon the particular circumstances of the case, it has jurisdiction to inquire and determine for itself in the first instance the facts in that regard, the remedy of any one aggrieved by its decision lying in a subsequent action in the courts.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed August 28, 1918. Reversed.

*F. S. Jackson*, of Topeka, for the appellants.

*H. J. Smith*, city attorney, *T. M. Van Cleave*, and *Lee Judy*, assistant city attorneys, for the appellee; *Richard J. Hopkins*, of Garden City, of counsel.

The opinion of the court was delivered by

MASON, J.: The Kansas City Railway Company, a corporation operating street-car lines in Kansas City, Kan., on May 20, 1918, made application to the state public utilities commission for leave to increase its rate for passengers between points therein to six cents a fare, the present charge being five cents. On June 18 the city brought an action in the district court of

its county against the utilities commission and its members, seeking to enjoin them from hearing such application, on the ground that the commission was without jurisdiction to act thereon. A motion to set aside the service of summons and a demurrer to the evidence were overruled, and a temporary injunction was granted. An appeal is taken from these orders.

1. The defendants maintain that the action was not properly brought in Wyandotte county, where they were served with summons while engaged in investigating the matter referred to. Judges, witnesses and parties while in attendance on litigation away from home are ordinarily privileged from service of civil process on grounds of public policy (21 R. C. L. 1304-1306; *Underwood v. Fosha,* 73 Kan. 408, 85 Pac. 564) ; and the principle has been treated as applicable in proceedings before a tribunal not strictly judicial. (*McAnarney v. Caughenaur,* 34 Kan. 621, 9 Pac. 476.) Probably in a transitory action an effective service of summons could not ordinarily be made upon a member of the utilities commission in a county other than that of his residence, by reason of his presence there in the discharge of his official duties, although a different rule might apply where the action had to do with his official conduct as there performed. (See cases cited in the *Underwood-Fosha* case, at page 413.) But "an action against a public officer for an act done by him in virtue or under color of his office" is required to be brought "in the county in which the cause, or some part thereof, arose." (Gen. Stat. 1915, § 6940.) The present action is clearly one against the commissioners for an act done by them under color of their office, and it appears that a part of the facts relied upon took place in Wyandotte county, inasmuch as the petition alleges that after an extensive hearing they had announced that they would hear the application and were about to proceed to do so in that county. We therefore conclude that the district court had jurisdiction of the subject matter and of the persons of the defendants, and that the motion to set aside the service was rightfully overruled.

2. The contention of the city is that the utilities commission has no power to make an order with regard to the rate to be charged by the railway company, because that utility belongs to a class the control of which is vested in the municipality, and not in the commission; because the rate has already

been fixed for a term of years by a contract with which the commission cannot interfere, even if it would otherwise have jurisdiction of the matter; and because the interstate character of the business done prevents the regulation thereof by state authorities. The defendants respond that the questions thus presented involve facts and conclusions that are or may be in dispute; that the application is one which under some circumstances the commission might be required to grant, and therefore upon the presentation thereof the duty arose to make an investigation in the course of which one of the matters to be examined and determined was whether the street railway company is a "one-city" utility; another was whether the rate had been so established by contract as to prevent a change during the life thereof; and still another was whether any separable part of the business done by the company was intrastate and, as such, subject to local regulation. The answer to the first question depends upon the relation of the company to roads lying outside of Kansas City, and the arrangement under which they are operated; the answer to the second depends upon the character and legal effect of the prior negotiations between the company and the city; and the answer to the third depends upon the extent and nature of the intrastate as compared with the interstate traffic. We regard the position of the defendants in this respect as well founded. An action will not lie to prevent the commission from taking cognizance of a matter within its jurisdiction, on the ground that it may reach a wrong decision, or that as a matter of fact or of law only one correct decision can be reached therein. If through a mistaken view of the facts or of the law the commission makes an erroneous order the remedy lies in the vacation thereof by a court on the ground that it is unlawful or unreasonable (Gen. Stat. 1915, § 8348), a practice that has been followed where it undertook to regulate a utility that was held to be under the exclusive control of a city. (*Street Lighting Co. v. Utilities Commission,* 101 Kan. 438, 166 Pac 514; *id.* 101 Kan. 774, 169 Pac. 205.) It is true that inasmuch as the final decision of a question of law rests with the courts, time might in some instances be saved by having them determine such questions in advance of action by the commission. But so also might time sometimes be saved by having a court decide whether

or not a rate which a commission was thought to be about to establish would be open to any other objections than those here urged—as that it was unreasonable. Such procedure would not be admissible in either case, because upon any issue which it has jurisdiction to consider the commission must decide for itself in the first instance. The presumption is that it will decide right; but if not, the remedy lies in a subsequent action in the courts. In a recent New York case a different practice was followed, but explicitly upon the ground that it was by agreement of the real parties in interest, the railway company and the commission, the court saying: "A writ of prohibition will not lie in anticipation of the action of the commission if the commission has jurisdiction of the subject-matter, and the only question is that of power to grant the particular relief prayed for." (*Quinby v. Public Service Commission*, 223 N. Y. 244, 119 N. E. 433.) The proceeding is quite analogous to an attempt to restrain the governing body of a city from passing an ordinance relating to a matter under its control, on the ground that such an ordinance if passed would be invalid. "The fact that the legislative action may be in disregard of constitutional restraints and impair the obligation of a contract does not authorize the court to restrain the passage thereof by injunction. The proper remedy in such cases is by injunction to prevent the execution or enforcement of such action." (5 McQuillan on Municipal Corporations, § 2503, p. 5196.)

While the present case was pending in the trial court the utilities commission applied to this court for a writ of mandamus commanding the dismissal of the action on the ground that the district court had no jurisdiction thereof and no right to grant the relief there asked. This was an attempt to find a short cut to a final decision quite similar to that of the plaintiff in this proceeding, and governed by the same principle. An erroneous ruling by the district court in a case of which it has, or under any state of fact may have, jurisdiction, however fundamental in its nature, cannot be corrected by mandamus, the sole remedy being by an appeal in the method provided by statute.

These considerations require that the cause be remanded with directions that the temporary injunction be dissolved and

Arnold v. Light and Fuel Co.

that the demurrer to the petition be sustained. This necessarily disposes of the case and leaves nothing further to be decided now by this court. A number of difficult and doubtful questions, upon which depend the ultimate rights of the persons concerned, have been ably argued (the defendants, however, protesting that they are not properly before us), and we regret that the situation is such that they cannot be now determined. There is nothing left at this time for the court to act upon, and any intimation of opinion upon the questions in controversy would be mere dictum, not being the basis of any action which could now be taken. Moreover, the only parties to this hearing are two bodies representing the public—the city and the utilities commission. There is no conflict of interest between them—their difference is merely one of opinion concerning procedure. Upon the matters ultimately in dispute one of the parties in interest is the street railway company, which is not before us. A mere expression of opinion not necessary to the decision would not be binding on any one, nor would it afford ground to invoke the ruling of the United States supreme court and so reach a final determination of the disputed federal questions.

The judgment is reversed and the cause remanded with directions to dissolve the temporary injunction and sustain the demurrer to the petition.