No. 34,861

GEORGE HAYWARD et al., *Appellees*, v. THE CORPORATION COMMISSION OF THE STATE OF KANSAS et al., *Appellants*.

(101 P. 2d 1041)

*Harold Medill* and *John F. Jones*, both of Topeka, for the appellants.

*W. H. Burnett,* of Hutchinson, and *J. S. Brollier,* of Hugoton, for the appellees; *Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris,* all of Wichita, *W. E. Cunningham, D. A. Walker, W. L. Cunningham,* all of Arkansas City, *H. W. Stubbs,* of Ulysses, *Auburn G. Light, George L. Light,* both of Liberal, *Glen W. Clark* and *C. R. Kirkbride,* both of Kansas City, Mo., of counsel.

*J. G. Martin, Innis D. Harris, A. Bryce Huguenin* and *Justus H. Fugate,* all of Wichita, as *amici curiae.*

The opinion of the court was delivered by

Wedell, J.: This is an appeal by the state corporation commission from a stay order, in the nature of a temporary injunction, granted by the district court of Stevens county, in which that court prohibited the commission from enforcing its basic gas proration order, which order was designed by the commission to form the basis, standard or guide, pursuant to which it proposed to fix the allowable production for the various gas wells in the Hugoton gas field. The court also, in substance, stayed the commission from doing or performing any subsequent act whatsoever designed to make effective the basic order. The Hugoton field embraces six Kansas counties in addition to Stevens county. The order of the commission was made January 30, 1940, pursuant to what it conceived to be its authority under and by virtue of article 7, chapter 55, G. S. 1935. George Hayward, a land and royalty owner, instituted the proceeding in the district court of Stevens county, in which the stay order was granted, in order to obtain a review of the basic proration order. One hundred eighty-one other land or royalty owners intervened for the same purpose. The statutes relied upon as granting the right of such review are G. S. 1935, 55-707, which provides:

"That an appeal may be taken from any order by the state corporation commission made under the provisions of this act in the manner and form as now provided by law for taking appeals from orders made by said commission."

And G. S. 1935, 66-118a, *et seq.* G. S. 1935, 66-118c, in part, provides:

"Within thirty (30) days after the application for a rehearing is denied, or if the application is granted, then within thirty (30) days after the rendition of the decision on rehearing, the applicant may apply to the district court of

the county in which the order of the commission is to become effective for a review of such order or decision."

G. S.. 1935, 66-118g, relied upon as granting authority to the district court to make the stay order in question, reads:

"The filing or pendency of the application for review provided for in this act shall not in itself stay or suspend the operation of any order or decision of the commission, but, during the pendency of such proceeding the court, in its discretion, may stay or suspend, in whole or in part, the operation of the order or decision of the commission. No order so staying or suspending an order or decision of the commission shall be made by any court of this state otherwise than on five days' notice and after a hearing, and if a stay or suspension is allowed the order granting the same shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that great or irreparable damage would otherwise result to the petitioner and specifying the nature of the damage."

The application for a stay order was filed on the 9th day of March and was heard on March 16, 1940. The application was grounded upon the theory the enforcement of the order, and subsequent acts to be performed pursuant thereto, by the commission would result in irreparable damage; that the statutes under which the order was purported to have been made, and the order, contravened certain provisions of the state and federal constitution, and that the order was not authorized by the statutes under which it was purported to have been made. Upon evidence submitted in behalf of the applicant and intervenors, the district court found, upon evidence which was identified and to which reference was made in the order, that great and irreparable damage would be suffered by the applicant and intervenors, or many of them, pending the appeal in the district court, if the stay order was not granted. The court found the enforcement of the basic order and subsequent proceedings contemplated thereunder by the commission would greatly reduce the amount of royalty income, and that the applicants had no other adequate remedy at law. The journal entry discloses the court recognized the fact the commission contemplated and had noticed a further hearing to be held on March 21, 1940, as a result of which the commission proposed to fix and make effective the well allowables for the proration period of April 1, 1940, to September 1, 1940, both inclusive. The notice for the hearing of the commission to be held March 21 provided:

". . . that at said hearing the commission will receive evidence determining the market demand for said field and for each of the five zones thereof and

will receive evidence relating to open-flow, pressure and acreage attributable to each of the wells therein and that based upon the evidence received the commission will fix the allowables for each of said wells for said period."

The court's finding that great and irreparable injury would result from the action of the commission was based upon estimates, presumptions and predictions of witnesses as to what the scheduled allowables to be fixed by the commission probably would be. The witnesses testified they had taken into consideration, in determining what the allowables under the basic order probably would be, every factor which the commission would consider in determining the allowables, and that they could therefore testify with reasonable accuracy whether any order which the commission might make, pursuant to the basic order, would result in great and irreparable damage. The district court adopted the theory advanced by the applicants for the stay order and upon that theory granted the stay order.

At the conclusion of evidence submitted in support of the stay order the commission lodged the following demurrer to the evidence:

"First, the evidence shows that the application for stay has been prematurely filed and heard; that there is nothing before the court under the basic proration order to stay at this time. The evidence also shows that no producer in the five various zones of the Hugoton gas area has suffered or is suffering any damage whatsoever under the order of the commission bringing the field under proration. We will further add that no evidence has been introduced here that would warrant this court in issuing a stay order on the grounds that any producer in any of the five zones has suffered great damage or irreparable damage, or that any producer will suffer great damage or irreparable damage under any proration order the commission might issue under the basic order."

On behalf of certain intervenors, who were opposed to the granting of the stay order, the following demurrer to the evidence was interposed:

"Come now the intervenors, The Benedum Trees Oil Company, the Trees Oil Company, John S. Waller and the Derby Oil Company, and demur to the evidence presented by the applicants for a stay of the proceedings of the commission under the basic order, for the reason that the evidence adduced does not warrant any relief or stay under 66-118g, Revised Statutes of Kansas."

The demurrers were overruled and the commission appealed from the order overruling its demurrer and from the ruling granting the stay order. The appeal to this court was promptly perfected. The commission immediately lodged in this court a motion to set aside,

pending the appeal in this court, the stay order granted by the district court. That motion was argued in chambers by counsel for the respective parties and this court issued the following temporary order:

". . . the appellants, The State Corporation Commission of Kansas et al., may proceed to take evidence on the question of the basic proration order, but not to make any additional order to put the basic proration order into effect, until the further order of this court.

"It is further ordered that the appellants may be heard further on the matter at the April, 1940, session of this court."

In the course of the subsequent formal hearing on the motion it was agreed by counsel for the respective parties that the appeal by the commission should be submitted upon its merits at that time. In view of that agreement, it becomes unnecessary to discuss questions originally presented touching the motion filed by the commission in this court. We shall therefore turn at once to a consideration of questions properly before us in connection with the appeal.

A preliminary question requires our attention. Appellees insist no appeal lies from the stay order of the commission. They direct our attention to the fact that the application for a review of the order of the commission was initiated under the provisions of G. S. 1935, 66-118c, the pertinent portion of which we have previously quoted. They insist this is a special statutory enactment and that no provision is therein made for appeals to this court from an order of the district court. The old law, R. S. 1923, 66-118 (Laws 1911, ch. 238, § 21), contained the following provision:

"Appeals from any decision of the district court shall be taken from the district court to the supreme court of the state of Kansas, in the same manner as provided by law in other civil actions."

It is true the present law does not contain that express and direct provision. When the old law was repealed by chapter 220, Laws 1929 (G. S. 1935, 66-118a et seq.), the subject matter of the old statute was divided and additional matters were covered by fifteen separate sections. (G. S. 1935, 66-118a to 66-118o, inc.) It appears the express provision for appeals contained in the old law was inadvertently omitted. We say inadvertently for the reason the new act itself clearly indicates the lawmakers did not intend to take away the right of appeal to this court. Section 4 of the 1929 act (G. S. 1935, 66-118d) expressly provides the procedure upon appeals to this court. It reads:

*"The procedure* upon the trial of such proceedings in the district court *and upon appeal to the supreme court of this state shall be the same as in other civil actions, except as herein provided."*

Manifestly, the lawmakers intended to preserve the right of appeal to this court. To make definite provision for the precise procedure to be followed upon appeal to this court would have been a futile gesture had the lawmakers intended the right of appeal should not exist.

It will be observed the provision quoted provides the procedure shall be the same as in other civil actions in two respects, that is, with respect to the trial of the proceedings in the district court and as to appeal to the supreme court, except as therein provided. The act itself contains no different provision for proceedings on appeal to this court. The act does, however, provide for some different procedure upon the trial of the proceedings in the district court than that which obtains in other civil actions. That subject will receive our attention presently, insofar as pertinent in the instant case.

Appellees further contend, in the event it be held a right of appeal to this court does exist, no appeal can lie from the instant stay order of the district court. The contention is grounded upon the theory the stay order was not a temporary injunction nor a final order. It is true that in G. S. 1935, 66-118g, previously quoted, the act of staying or suspending the operation of the order or decision of the commission is not called an injunction. We are concerned with the nature, character and effect of the order and not with its name. A bond was required in accordance with the provisions of G. S. 1935, 66-118h. A bond was posted in the sum of $2,500. Under the provisions of G. S. 1935, 66-118g, no *ex parte* hearing or stay in the nature of a mere restraining order is authorized. Notice to the adverse party, a hearing, and the introduction of evidence are required. In that respect the procedure differs materially from that which obtains in other civil actions. The stay granted is in the nature of an injunction. The pertinent portion of the stay order provides:

"That this order shall be and remain in full force and effect during the pendency of this appeal and until final adjudication hereof or until the further order of the court."

Under the theory upon which the trial court granted the stay, nothing further remained to be done by that court until the final hearing of the review. We think the order is tantamount to a temporary injunction. The restraint which an order purports to im-

pose, and not the name given to it, determines its true name and character. (*Laswell v. Seaton,* 107 Kan. 439, 191 Pac. 266; *Harwi v. Harwi,* 143 Kan. 710, 713, 56 P. 2d 449; *City of Wichita v. Home Cab Co.,* 151 Kan. 679, 683-685, 101 P. 2d 219.) A restraining order which has the effect of a temporary injunction is an appealable order. (G. S. 1935, 60-3302; *Laswell v. Seaton,* supra; *Harwi v. Harwi,* supra, p. 713.)

Appellant contends the basic order was not self-executing, but was merely a standard, formula or guide pursuant to which the schedule of well allowables was to be determined and thereafter promulgated; that the commission had not completed its work, in that it had not yet determined and hence had not issued its schedule of well allowables. The commission insists it was solely within its province to determine and promulgate the schedule of allowables and that such functions constituted administrative and legislative acts, imposed upon it by law, the performance of which could not be enjoined. It therefore contends the stay order was prematurely issued.

We think the contention of the commission is sound. The duties of the commission were prematurely and improvidently stayed. It was solely the administrative function of the commission to hold the hearing noticed for the 21st day of March, to receive and consider the evidence offered upon that hearing, and in pursuance thereof to determine the schedule of allowables. Only the commission, and not the district court or this court, has the authority and the responsibility to perform those administrative acts. The commission alone has the right and the statutory duty to promulgate, to enact, the schedule of allowables. That was a legislative function which likewise had not yet been performed and which, until performed, could not be stayed or enjoined. In *Kansas City v. Utilities Commission,* 103 Kan. 473, 476, 176 Pac. 324, it was said:

"The proceeding is quite analogous to an attempt to restrain the governing body of a city from passing an ordinance relating to a matter under its control, on the ground that such an ordinance, if passed, would be invalid. 'The fact that the legislative action may be in disregard of constitutional restraints and impair the obligation of a contract does not authorize the court to restrain the passage thereof by injunction. The proper remedy in such cases is by injunction to prevent the execution or enforcement of such action.' (5 McQuillan on Municipal Corporations, § 2503, p. 5196.)"

Appellees contend the question is a new one in this state as the statutes involved have not been construed. It is true the particular

provisions of the gas proration law have not been construed in this state. It does not follow that the principle involved on the precise point here involved has not been settled. The fundamental principle that courts have no right to interfere by injunction with administrative and legislative functions yet to be performed by the corporation commission, is well established. (*State, ex rel., v. Flannelly,* 96 Kan. 372, 386-387, 152 Pac. 22; *Kansas City v. Utilities Commission,* supra; *State, ex rel., v. Capital Gas & Elec. Co.,* 139 Kan. 870, 888, 33 P. 2d 731; *State Comm'n v. Wichita Gas Co.,* 290 U. S. 561, 78 L. Ed. 500, 504-505.) Cases involving completed administrative and legislative functions are not in point. Appellee's contention that the commission had no further administrative functions to perform in connection with the hearing noticed for March 21 and no legislative functions to perform thereafter, cannot be sustained. It will be unnecessary to discuss other contentions of the respective parties. Some of them are not properly before us. The stay order of the district court is set aside, and the commission is authorized to proceed with the completion of its statutory duties.