No. 35,555

CLARENCE A. BOHL, *Appellee*, v. GORDON L. TEALL, HERBERT L. BUNKER and MONTE GANTS, as the KANSAS STATE BOARD OF DENTAL EXAMINERS, *Appellants*.

(126 P. 2d 216)

Opinion filed June 6, 1942.

*C. Glenn Morris*, of Topeka, argued the cause, and *Jay S. Parker*, attorney general, and *Eldon Wallingford*, assistant attorney general, were on the briefs for the appellants.

*Joe E. Burris*, of Kansas City, Mo., argued the cause, and *George H. West, P. W. Croker* and *Tudor M. Nellor*, all of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: The State Board of Dental Examiners appeals from a temporary injunction, granted in the district court, restraining it from proceeding with a hearing on a complaint which sought revocation of appellee's license to practice dentistry.

The complaint, signed by C. Glenn Morris and filed in November, 1941, alleged that appellee, a practicing dentist in Kansas City, Kan., was "guilty of obtaining and seeking to obtain money and other things of value by false and fraudulent representations" and that he was also guilty of "dishonorable conduct." More specifically, the allegations were—

"That said licensee has obtained and sought to obtain property and money by false and fraudulent representations through the medium of newspaper advertisements, hereinafter set out as Exhibits 'A,' 'B,' and 'C,' which advertisements have been caused by him to be circulated in newspapers of general circulation of said city and state in the newspapers and at the times hereinafter more fully set forth.

"That said licensee is guilty of dishonorable conduct in making use of and causing to be published advertising statements of a character tending to deceive and mislead the public; which advertise professional superiority; which advertise prices for professional services; and which advertising contains representations of teeth, and makes reference to materials used or to be used; and which advertising calls the attention of the public to the licensee as being engaged in the practice of dentistry other than by the use of a professional card containing only his name, title, degree, office location, office and residence telephone numbers and limitation of practice, if any, all of which advertising was by said licensee caused to be published in 'The Kansas City *Kansan*' and '*The Shopper,*' newspapers of general circulation in said city of Kansas City, Wyandotte county, Kansas. . . .

"That said acts of said licensee are contrary to the statutes regulating the practice of dentistry. That said acts of said licensee fall within dishonorable conduct as defined by the State Board of Dental Examiners in the rules adopted by said Board on March 30, 1939, all of which said licensee well knew. That said acts of said licensee constitute grounds for revocation of his license as provided in section 65-1407, G. S. 1935."

The complaint asked that the licensee be given

"An opportunity to show cause, as provided by the rules adopted by said Board on March 30, 1939, and if sufficient cause be not shown, that this complaint be set for hearing before the Board under the provisions of section 65-1407, G. S. 1935."

Pursuant thereto the licensee did appear, and protested the sufficiency of the complaint and the jurisdiction of the board. After taking the matter under advisement, the board advised the licensee in a letter dated December 16, 1941, that the complaint would be set for hearing, and on December 30, 1941, advised him that the hearing would be held at the Wyandotte county courthouse on January 26, 1942.

On the date set for the hearing, the district court, acting upon a petition of appellee which sought a temporary and permanent injunction, entered an order enjoining the board from proceeding with the hearing while the injunction proceedings were pending, and "until the further order" of the court. From that order this appeal was taken.

The allegations—or contentions—of appellee may be summarized as follows: Morris is attorney for the board and therefore not a

bona fide complainant; the complaint is in fact the complaint of the board and therefore the board is disqualified and has no jurisdiction to hear the case; the board has already adjudged appellee guilty of "dishonorable conduct" because of the mere publication of the advertisements referred to in the complaint; the rule of procedure herein involved and above quoted calls for a finding that the accused is guilty as charged before any formal hearing on the complaint can be held and before any adequate opportunity is afforded the accused to be heard; none of the acts specifically complained of constitute "dishonorable conduct"; the "threatened and impending" acts of the board are "unlawful, arbitrary and oppressive," will deprive appellee of his constitutional right to a fair and impartial hearing and will inflict irreparable injury upon him; he has no plain and adequate remedy at law by which to protect his long-established practice and his right to continue in the practice of dentistry.

We first scrutinize the regulations under which proceedings for consideration of complaints are had by the board. If appellee is correct in interpreting them to provide that hearings to determine the merits of a complaint are held only after the board has already determined that the accused is guilty as charged, then the rules violate the right of due process and are, of course, invalid. The rule in question is as follows:

"Whenever it shall come to the attention of the Kansas State Board of Dental Examiners that any dentist is practicing in a manner constituting dishonorable conduct, it shall be the duty of the board to notify the person so accused of dishonorable conduct of said charge and to notify said person to appear before the board and show cause why formal proceedings should not be instituted to revoke the license of the accused. Said notification shall be in writing and delivered to the accused either in person or by registered mail and shall notify the accused of the specific charge against him and further notify the accused when he or she must appear before the board to show cause, but in no event shall said hearing be held within fifteen days from the date the notice was mailed or delivered to the accused. In the event that the accused fails to appear pursuant to said notice then the board may proceed to revoke his or her license pursuant to the laws of Kansas. After the board has given the accused an opportunity to show cause why proceedings should not be instituted against him or her to revoke his or her license *and has fully considered the charges made, and in the event that the board is convinced that the accused is guilty of dishonorable conduct,* it may proceed to revoke or suspend the license of the accused pursuant to the laws of the state of Kansas." (Italics supplied.)

Appellee contends that the provision indicated in italics above calls for predetermination of guilt. Although the rule might have

been stated much more clearly, we disagree with appellee's interpretation. The evident purpose of the rule is to give the licensee an opportunity, first, to appear at a preliminary hearing to show cause why the formal hearing should not be held on the merits of the complaint, and if no sufficient cause is shown, to proceed then with the hearing, at which the licensee will have opportunity to be heard fully on the merits. Order of revocation is only to be issued when the board is convinced, after the formal hearing, that the licensee is guilty of dishonorable conduct. If the appellee's interpretation of the rule is correct, there would be no purpose in holding the formal hearing. Moreover, it is evident from the record that the board does not follow appellee's interpretation of the rule. In the board's letter notifying the appellee of the hearing on the merits set for January 26, 1942, there is no indication whatever that the case had been prejudged. On the contrary, the latter was simply a notice that the board had decided that a hearing should be held. Nor is the board disqualified from hearing the complaint by the fact that the complainant is attorney for the board. There is nothing in the record to show that he did not file the complaint entirely upon his own initiative, and any averments in the petition to the contrary are mere conclusions. Certainly there is nothing in the complaint, the notice of hearing or in the rule of procedure to indicate that the board will not hear and determine the issues fairly and impartially. We must assume that it will do so. Judicial appeal will be open to the licensee if and when the contrary is shown, or it is made to appear that the board is proceeding or has proceeded unlawfully.

It is well-settled law that courts may not, and do not, interfere with lawfully constituted administrative agencies in the lawful performance of their lawful duties. (*Kansas City v. Utilities Commission*, 103 Kan. 473, 176 Pac. 324; *State Comm'n v. Wichita Gas Co.*, 290 U. S. 561, 78 L. Ed. 500, 504-505; *Hayward v. State Corporation Comm.*, 151 Kan. 1008, 101 P. 2d 1041.) Any other policy would paralyze the administrative arm of government and substitute judicial for executive functions.

But appellee urges that in his petition he freely admitted the publication of the advertisements which complainant alleges constitute "dishonorable conduct," and constitute "obtaining" and "seeking to obtain" money "under false and fraudulent representations," and that it follows, therefore, that the board will find him guilty as charged, and will revoke his license. On this ground, he invokes the

jurisdiction of the court to determine whether the newspaper advertising complained of constitutes action or conduct justifying, under the law, the revocation of appellee's license. This contention is answered by what has already been said. We cannot usurp the administrative duties of the board. There is no basis in the record to assume that the board will find that the acts complained of constitute violations justifying revocation or that appellee's license will be revoked. The record shows only that the board was proceeding to hear the complaint on its merits, in the discharge of its lawful duties. The court had no jurisdiction to restrain the board from doing so.

It may be well to make clear that the only question here determined is the right of the board to proceed with the hearing upon the complaint. Whether the rules of the board defining "dishonorable conduct" under the law are in all respects valid, or whether, if valid, the acts complained of, if committed, were in violation of such rules or of the statutes, are not here determined. We cannot anticipate the action of the board in determining the various pertinent issues that may be raised upon the hearing upon the complaint.

The judgment is reversed with directions to set aside the temporary injunction and dismiss the action.