Nos. 43,555 and 43,576 Consolidated

Paul Holmstrom, *Appellee* and *Cross-Appellant*, v. Frank Sullivan, Commissioner of Insurance, State of Kansas, *Appellant* and *Cross-Appellee*.

(391 P. 2d 100)

Opinion filed April 11, 1964.

*O. R. Stites, Jr.*, Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson*, Attorney General, *Harry W. Colmery* and *Joel A. Sterrett*, all of Topeka, were with him on the briefs for the appellant.

*William L. Fry* and *Jerry Ann Foster*, both of Wichita, argued the cause, and were on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a judgment granting a peremptory writ of mandamus commanding the Commissioner of Insurance to issue a life insurance agent's license.

On the 17th day of January, 1963, the plaintiff, Paul Holmstrom, filed his petition which, in addition to formal and procedural matters leading to the complaint, stated:

"Defendant Commissioner's actions are arbitrary, capricious, and unlawful in his refusal to issue a license to plaintiff as above stated and in that:

"A. He has failed, neglected and refused to grant plaintiff any hearing whereby it could be determined if said Commissioner in fact had any valid cause or reason for refusing to issue a license or to make any determination as to whether plaintiff was of good business reputation, had experience or training, or was otherwise qualified in the life insurance line of business, or would be given immediate instruction concerning the provisions, terms and conditions of the policies or contracts plaintiff would be proposing to negotiate or effect, and whether plaintiff was reasonably familiar with the provisions, terms and conditions of the policies or contracts plaintiff was proposing to negotiate or effect;

"B. By setting forth unlawful, unreasonable, arbitrary and capricious requirements for the granting of a hearing, and making such requirements and conditions precedent when he, the defendant, knew he had no authority to do the same, and when he knew, or should have known, that plaintiff would be unable to secure compliance by his requisitioning company;

"C. In arbitrarily, capriciously and unlawfully stating that he, the Commissioner, was not satisfied that plaintiff met the requirements for the issuance of a license pursuant to G. S. 40-241, when said Commissioner knew, or should have known, that said plaintiff was in fact fully qualified, and in making such purported general reason for refusal to license without any basis in law or in fact."

The prayer of the petition reads:

"Wherefore, plaintiff prays this Honorable Court to award against the defendant an order commanding defendant to issue a license to plaintiff as an insurance agent for Franklin Life Insurance Company, and to adjudge the defendant to pay the damages which the plaintiff may have sustained, and the costs in this case, including a reasonable attorney's fee, and such other and further relief as he is entitled to in equity."

On January 17, 1963, the district court issued an order directing the defendant, the Commissioner of Insurance, to issue the license or appear and show cause on January 24, 1963. On the date mentioned the Commissioner appeared and moved to vacate the show cause order because of the insufficiency of the petition to state a cause of action for numerous reasons. The motion was overruled. The Commissioner then filed his answer which denied all but the formal parts of the petition and alleged:

"Further answering defendant specifically denies that he has acted arbitrarily, capriciously or unlawfully in the premises, or that plaintiff is entitled to recover herein for any damages which plaintiff may have sustained, for the cost of the case or attorney fees. Defendant specifically alleges that the business of life insurance is effected with public interest; that the legislature has given to the Commissioner of Insurance the responsibility of supervising, controlling and regulating life insurance companies and their agents with broad discretionary authority in the licensing of such agents and supervision of insurance business in order that the public may be protected; that defendant's actions in the premises have been wholly in good faith and taken in the discretionary authority vested in him in the administration of insurance laws of the State of Kansas. . . ."

Plaintiff made an oral motion to require the answer to be made definite and certain by setting forth the grounds, reasons and facts upon which the defendant based his conclusion that he had not acted arbitrarily, capriciously or unlawfully, but had acted wholly in good faith. The trial court permitted the defendant to amend his answer by adding the following:

"That the Commissioner upon due consideration of the application of plaintiff for a life insurance agent's license determined that the plaintiff was unlicensable in that said plaintiff was not qualified for such a license under the applicable laws, rules and regulations of the State of Kansas."

The plaintiff renewed his motion to make definite and certain which was overruled. The case was set for trial on the merits, to commence February 1, 1963.

The case proceeded to trial and at the close thereof, February 8, 1963, the trial court took the matter under advisement. On February 14, 1963, it concluded:

"The Court, after a full hearing on the merits of this matter, and after carefully considering all of the evidence, is of the opinion that with respect to Mr. Holmstrom that he should be granted a license to sell insurance within the State of Kansas, and that the actions of the Insurance Commissioner in denying such license go beyond his lawful discretion and are arbitrary and capricious, and a peremptory writ of mandamus should issue herein."

A peremptory writ of mandamus followed, which decreed:

"Now, Therefore, in order that full and speedy justice may be done in the premises in behalf of said plaintiff, you, Frank Sullivan, Commissioner of Insurance, State of Kansas, are hereby commanded and enjoined immediately upon the receipt of this Writ to issue to plaintiff Paul Holmstrom a license as a life insurance agent to sell life insurance in the State of Kansas for and on behalf of Franklin Life Insurance Company."

The defendant has appealed alleging certain trial errors and contending that the court erred in holding the actions of the defendant

in denying plaintiff's application for license was beyond defendant's lawful discretion and was arbitrary and capricious, and in entering its order of February 14, 1963, granting plaintiff a peremptory writ of mandamus.

The plaintiff has filed a cross appeal challenging certain trial rulings and contending that the court erred in failing to require defendant to make his answer definite and certain by setting forth the grounds, reasons and facts upon which defendant refused to issue plaintiff a license, and in ruling that Section 40-241, General Statutes of Kansas, 1949, was constitutional.

On February 21, 1963, this court, on application of appellant, issued an order in which the judgment of the district court granting the peremptory writ of mandamus was stayed until further order of this court.

The facts material to the determination of the issues will be stated.

Formerly the appellee had been licensed as an agent to sell life insurance for the Green Shield Life Insurance Company. On November 19, 1962, the Franklin Life Insurance Company, through its supervisor of agent's licenses, addressed a letter to the appellant requesting a license for the appellee as its agent to sell life insurance. The necessary forms were enclosed, including the application of the appellee to be licensed as an agent.

On December 4, 1962, the appellant addressed a letter to the appellee which reads:

"The Kansas Insurance Department has received the Application for Agent's License and Standard Requisition filed in your behalf by the Franklin Life Insurance Company of Springfield, Illinois.

"After examination of the records of this office and consideration of the same together with other information possessed by this office, the Commissioner of Insurance has determined that the conditions of Kan. G. S. 1949, 40-241, are not satisfied as concerns the request that you be licensed for Franklin Life. You are therefore notified this date of the Commissioner's determination, and appropriate explanation of this finding is being forwarded concurrently to the Franklin Life Insurance Company of Springfield, Illinois."

On December 7, 1962, the appellee visited the appellant's office and talked with one of the department's attorneys. The appellee requested information as to "what he had to do." He was given the names and addresses of certain people to whom he had sold Green Shield Life Insurance Company policies and who had filed complaints against him. He was informed that it would not be

unwise for him to talk to these people and if they had any clarifying or correcting statements, such statements should be submitted for further consideration.

On December 28, 1962, the appellee again called on the department's attorney. We are informed of the conversation as follows:

"Q. All right, would you state to the Court what the general nature of that conversation was?

"A. Well, he came in and he had some statements that he had taken from the names that we had given him, people who had written us letters or people whose names had been given to us by other people, and he presented these statements to us and said, 'Well, I went out and got them, here they are.'

"Q. All right, did you on that occasion tell Mr. Holmstrom that he would be issued an agent's license?

"A. No, I didn't tell him that he would be issued a license, I told him that this information would be put in the file and brought to the Commissioner's attention."

On January 15, 1963, the appellant had occasion to consult with members of his staff concerning the appellee's application for a license. We are informed:

"Q. What did you advise in that regard?

"A. After my staff had reviewed the file, because of the question still existing in regard to Mr. Holmstrom, the questions that had been raised by policyholders in the state, I suggested that they notify Mr. Holmstrom that if the licensing company wished to have a hearing, that they could call such a hearing and review the case in my office.

"Q. Now, sir, you testified to questions raised by policyholders in the state, to what were you referring at that time?

"A. The letters and affidavits that we had on file in the office, in his file.

"Q. Relating to what, sir?

"A. His activities as an agent.

"Q. Have these letters, in any respect, caused you to question the qualifications of Mr. Holmstrom for a license?

"A. They did.

"Q. Now, sir, have you at any time intentionally withheld a license from Mr. Holmstrom for the reason that he is—for the sole reason he was formerly a Green Shield agent?

"A. No—

"Q. Your offer to Mr. Holmstrom relating to a hearing, if his company would request a hearing and participate in the hearing and employ a court reporter, is that offer still open?

"A. Certainly is."

On the same day, January 15, 1963, the appellee again came to the appellant's office and conferred with the staff's attorney. He was informed of the appellant's conclusion as to a hearing. The appellee

made no complaint to the appellant that the terms under which a hearing on the application for a license would be held were unreasonable or burdensome, but two days later, January 17, 1963, filed his petition in the district court for relief in the form of mandamus.

Without considering the case on its merits we are confronted with a jurisdictional question. Was the action to compel the appellant to issue a license to the appellee premature?

Although not specifically called to our attention by the parties, this court will on its own motion note a jurisdictional question. (*Riley v. Hogue*, 188 Kan. 774, 365 P. 2d 1097; *Farm Bureau Mutual Ins. Co. v. Barnett*, 189 Kan. 385, 369 P. 2d 350; *Alliance Mutual Casualty Co. v. Bailey*, 191 Kan. 192, 380 P. 2d 413 and *Hotchkiss v. White*, 191 Kan. 534, 382 P. 2d 325.)

The statute (G. S. 1949, 40-243) providing for court relief on the refusal of the Commissioner of Insurance to issue an agent's license to sell insurance states:

"Within sixty days after the revocation, suspension or refusal to license, the person aggrieved shall have the right to petition any court of record in this state to require said commissioner of insurance to show cause why the license should not be reinstated or issued."

An examination of the record does not disclose that the appellant has refused to issue a license to the appellee. It rather discloses that the ruling on the application was pending on the appellant's suggestion that a hearing would be held. The action lies only after the refusal to license.

There is yet another reason why this action is premature. A court should not take upon itself the responsibility of making discretionary and administrative decisions while the administrative officer is in the process of making the decision. The appellant had suggested a hearing. He had not as yet denied the application. Whether the suggested hearing was contingent on unreasonable conditions presents another question which will be considered later.

In *Bohl v. Teall*, 155 Kan. 505, 126 P. 2d 216, this court stated:

"It is well-settled law that courts may not, and do not, interfere with lawfully constituted administrative agencies in the lawful performance of their lawful duties. (*Kansas City v. Utilities Commission*, 103 Kan. 473, 176 Pac. 324; *State Comm'n v. Wichita Gas Co.*, 290 U. S. 561, 78 L. Ed. 500, 504-505; *Hayward v. State Corporation Comm.*, 151 Kan. 1008, 101 P. 2d 1041.) Any other policy would paralyze the administrative arm of government and substitute judicial for executive functions." (p. 508.)

In *Hayward v. State Corporation Comm.*, 151 Kan. 1008, 101 P. 2d 1041, it is stated:

". . . The fundamental principle that courts have no right to interfere by injunction with administrative and legislative functions yet to be performed by the corporation commission, is well established. (*State, ex rel., v. Flannelly,* 96 Kan. 372, 386-387, 152 Pac. 22; *Kansas City v. Utilities Commission,* supra; *State, ex rel., v. Capital Gas & Elec. Co.,* 139 Kan. 870, 888, 33 P. 2d 731; *State Comm'n v. Wichita Gas Co.,* 290 U. S. 561, 78 L. Ed. 500, 504-505.) Cases involving completed administrative and legislative functions are not in point. . . ." (p. 1015.)

Until an order or determination of an administrative officer, agency, or commission is fully, finally and completely made, a writ of mandamus will not issue to compel a particular action. (*State, ex rel., v. Flannelly,* 96 Kan. 372, 386, 152 Pac. 22; *State, ex rel., v. Mo. Pac. Rly. Co.,* 55 Kan. 708, 41 Pac. 964.)

We must conclude that the action was prematurely brought insofar as it sought to compel the Commissioner of Insurance to issue the license and the district court was without jurisdiction to make the administrative decision.

The question of the reasonableness of the requirements which the appellant placed on the holding of a hearing presents a more difficult problem.

Although the statute (G. S. 1949, 40-241) does not require the Commissioner of Insurance to hold a hearing before refusing to grant an insurance agent's license, it cannot be denied that he has such authority under the broad powers granted by G. S. 1961 Supp., 40-102; G. S. 1949, 40-103 and 40-241, if he deems a hearing advisable and in the interest of justice. However, once the Commissioner of Insurance has suggested that a hearing is advisable or may be of benefit to the applicant, he cannot surround the right to be heard with such unreasonable terms and conditions as to make the hearing a burden on the applicant or an impossibility.

Even though a court may not take upon itself the determination of a matter which is left to the discretion of an administrative officer because it is not satisfied with the administrative procedure, it may direct that the administrative officer proceed under reasonable rules and in a reasonable manner.

In *Butler v. Rude,* 162 Kan. 588, 178 P. 2d 261, it is stated:

"Under a third heading the board contends that the court may not usurp the fact-finding authority delegated to it by the legislature, and in support it cites *Bohl v. Teall,* supra; *Union Pac. Rld. Co. v. State Tax Comm.,* 145 Kan.

715, 68 P. 2d 1; *Murphy v. Hobbs,* 139 Kan. 799, 33 P. 2d 135; *Brinkley v. Hassig,* 139 Kan. 874, 289 Pac. 64, and other cases which it may be said support the contention. However, they do not control the present situation for, as has been observed, in dealing with the board's first contention, the challenge is not to the power of the board to make rules generally, nor an attempt to interfere with its enforcement of lawful rules lawfully made, *but to test the board's authority and power to make the particular rule attacked.*" (p. 594, emphasis supplied.)

As a prerequisite to a hearing the appellant required that the requisitioning company make application for the hearing and agree to pay the costs of a reporter to transcribe the proceedings. The appellee did not inform the appellant that the conditions which he placed on holding the hearing were unreasonable or impossible of performance. We do not approve of an applicant first making such objections to a court. However, the petition alleged that the appellant knew or should have known that the requisitioning company, Franklin Life Insurance Company, would not comply with the requirement that it ask for a hearing. A representative of the company testified that it would not request the hearing.

We are forced to conclude, under the facts disclosed by the record, that the rulings of the appellant as to the conditions on which the hearing would be held were unreasonable. The Commissioner, having suggested the hearing, should be directed to proceed to hold it, without unreasonable rules, conditions or requirements.

The appellee challenges the constitutionality of G. S. 1949, 40-241 for the reason that it vests discretion in the Commissioner of Insurance to grant or refuse an agent's license without prescribing any rule of action. We do not agree with appellee's contention.

It is well settled that the insurance business is a quasi public business and that it is so impressed with the public interest that a state under its police power may regulate all features of the business including the agents which sell the insurance to the general public. In 44 C. J. S. Insurance, § 85b (1), p. 589, the rule as applicable to licensing agents is stated:

"It may be required by statute that any insurance agent or broker doing business in the state shall have a certificate or license under state authority for the transaction of such business, and the legislature may provide for the refusal of a license for specified causes. Such statutes are valid as a proper exercise of the police power, constituting the regulation and control of a business affected with a public interest. . . ."

G. S. 1949, 40-241 provides the standards by which the qualifications of an insurance agent will be measured. It provides in part:

"If the commissioner of insurance is satisfied that the applicant for an agent's license is of good business reputation and has had experience or training, or is otherwise qualified in said line of business, or will be given immediate instruction concerning the provisions, terms and conditions of the policies or contracts such applicant is proposing to negotiate or effect, and is reasonably familiar with the provisions, terms and conditions of the policies or contracts such applicant is proposing to negotiate or effect, the commissioner of insurance shall issue to such applicant an agent's license to transact business in this state on behalf of the insurer certifying the applicant's name. . . ."

Whether an applicant has (1) a good business reputation, (2) has had experience or training, or (3) is otherwise qualified in the line of business, is a sufficient yardstick by which to measure the right of the applicant to be licensed. The statutes need not outline the facts and evidence by which the standards of qualification will be determined.

We have examined the cases cited by appellee dealing with statutes from other states. The cases are not helpful because of the language in the statutory provisions. We are impressed with what the Supreme Court of West Virginia said in the case of *Swearingen v. Bond, Auditor,* 96 W. Va. 193, 122 S. E. 539:

"The statute before us in the instant case is quite different from those held to be invalid in the cases above referred to. There is no such absolute power given to the insurance commissioner as would warrant him to arbitrarily refuse to grant or revoke a license or certificate of authority to an insurance agent. Applicant must have the qualification of trustworthiness and competency in the insurance business; and the commissioner must find that he lacks these qualifications before he can refuse. . . . It is not for the courts to question the wisdom of the legislature in fixing the qualifications of an insurance agent or whether it has adopted a wise method in determining whether an applicant is trustworthy and competent to engage in that business—a quasi-public business which is so intimately connected with the welfare of modern society. . . ." (p. 199.)

Under the conclusions reached there is no occasion to review the record for the purpose of determining whether the trial court observed the rule announced in *Murphy v. Hobbs,* 139 Kan. 799, 33 P. 2d 135, where it was held in the syllabus:

"The duties of the insurance commissioner in granting or revoking the license of a life insurance agent under R. S. 1933 Supp., 40-239 to 40-242 are purely administrative, and his findings are conclusive unless that power and authority is abused, in which event the party aggrieved may be afforded redress under R. S. 1933 Supp., 40-243 in a court of record by alleging and proving

therein that such action of the commissioner or his assistant was arbitrary, corrupt, oppressive, prejudicial or in excess of authority."

Neither is there any occasion to review the alleged trial errors presented by the appeal and cross appeal.

The judgment is reversed with instructions to the district court to deny the application for a peremptory writ of mandamus commanding the Commissioner of Insurance to issue a license to the plaintiff, but that it direct the Commissioner of Insurance to proceed with a hearing on the application of the plaintiff without unreasonable rules or conditions.

APPROVED BY THE COURT.