No. 29,285.

L. P. ADAMSON, as Executor and Administrator of the Estate of Amanda B. Snider, Deceased, *Appellee,* v. WILLIAM L. SNIDER, *Appellant.*

(291 Pac. 744.)

Opinion filed October 11, 1930.

*Charles Stephens, F. E. Dresia,* both of Columbus, and *Thomas W. Clark,* of Pittsburg, for the appellant.

*A. J. Curran,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Amanda B. Snider brought in the district court of Crawford county an action for divorce, on the ground of extreme cruelty, against her husband, William L. Snider, who was a resident of Cherokee county. Issues were joined and the action was tried on its merits July 9, 1929, and judgment was rendered granting plaintiff a divorce and decreeing to her a part of the property which had been accumulated by the parties during their marriage. On July 10, 1929, defendant gave notice, as provided by R. S. 60-1512, of his intention to appeal. Amanda B. Snider died testate August 5, 1929. Her will was duly probated and L. P. Adamson was appointed and duly qualified as executor. On September 10, 1929, William L. Snider gave notice of appeal to the attorneys of record who had represented the plaintiff and to her executor. He also filed a supersedeas bond. There appears to have been no attempt to revive the action in the trial court. On November 9, 1929, a formal motion to revive the action in the name of the executor was filed in this court and an order of revivor made. The proceedings in the action have been abstracted, briefs have been filed, and the case submitted.

Generally speaking, the appellant argues two points in this court: first, that plaintiff was not a resident of Crawford county at the time the action was brought. This question was presented to the court and evidence taken thereon both on preliminary motions and on the trial of the case on its merits. The trial court found that the plaintiff was an actual resident of Crawford county at the time of filing the petition. There is ample evidence to sustain that finding and it is binding on this court. The second point argued by appellant is with respect to the evidence to sustain the judgment and decree. Appellant does not argue that there is a lack of evidence to support the judgment, but contends that on the question of extreme cruelty the evidence disclosed that the parties were in equal wrong and that the court should have so found. The trial court saw the witnesses and heard the evidence and found that defendant had been guilty of extreme cruelty and that plaintiff was without fault on her part. These findings are sustained by substantial, competent evidence and are binding on this court.

Notwithstanding the fact that we have examined the questions argued by appellant, the appeal in this case must be dismissed. The principal point to be determined in an action for divorce is the marital status of the parties, and after the death of one of them that is no longer open to litigation (1 C. J. 208). There are cases in which the property rights of the parties are so involved that an action, in so far as it pertains solely to such controverted questions on property rights, may be revived after the death of one of the parties (*Craig v. Craig*, 110 Kan. 13, 19, 202 Pac. 594, and authorities there cited); but no such question is involved in this case. Appellant makes no complaint in his brief with respect to the amount of property set off by the court to the plaintiff from the joint accumulations of the parties, nor does the record disclose any reason why a question should be raised about it. The result is that the general rule applies, namely, that an action for divorce does not survive the death of one of the parties. Had the nature of this action been stated in the motion to revive in this court, doubtless the order of revivor would not have been made; but irrespective of that, there is no order this court can make, either by affirming or reversing the case, which would affect the marital status of the parties.

The appeal is dismissed.