No. 42,729

MARY CARTER, *Appellee*, v. STATE DEPARTMENT OF SOCIAL WELFARE OF KANSAS, *Appellant*.

(370 P. 2d 1019)

Opinion filed May 5, 1962.

*J. A. Babicki*, of Topeka, argued the cause, and *William M. Ferguson*, Attorney General, and *Charles V. Hamm*, general counsel, were with him on the briefs for the appellant.

*Philip J. Saia*, of Topeka, argued the cause, and *George E. McCullough, W. L. Parker, Jr.*, and *Robert B. Wareheim*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This is an appeal from a judgment for a lump sum of a workmen's compensation award under G. S. 1949, 44-512a. This is the third time the parties have been before the court in this matter (see, *Carter v. State Department of Social Welfare*, 184 Kan. 825, 339 P. 2d 5; and *Carter v. State Department of Social Welfare*, 186 Kan. 187, 348 P. 2d 609).

According to the journal entry, the judgment from which the appellant attempted to appeal was dated May 24, 1961. A copy of the trial docket is made a part of the counter abstract and shows May 24, 1961, as the date of the judgment. The notice of appeal was not served and filed until July 31, 1961, but attempts to appeal from a judgment supposedly dated June 6, 1961.

From the abstracts we get the picture as follows: The judgment for a lump sum amount of $6,436.22 was in fact entered on May 24, 1961. The journal entry was presented to the district judge on or about June 6, 1961, and before signing the journal entry, the judge with his own pen struck out provisions as to the judgment drawing interest at six percent, and initialed the changes.

Appellant argues that the judgment was modified on June 6, 1961, although no such date appears on the record. The judgment seems

to have been one granted upon the pleadings and upon certain facts brought out at the pre-trial conference.

Actually, any modification made in the judgment by the elimination of the matter of interest would have been to the benefit of the appellant, and a party has no right to complain on appeal of an order in his favor (*Bernstein v. Smith,* 10 Kan. * 60, * 67).

The above judgment was rendered upon what amounted to an agreed statement of facts and as a matter of law. No motion for new trial or other motion was filed after May 24, 1961, and none was needed or required. Under the provisions of G. S. 1949, 60-3309, an appeal must be taken within two months from the date of the judgment appealed from and the record here does not show that the appeal in this case was taken in time. Therefore, the instant appeal must be dismissed. It is hereby so ordered.