No. 43,279

GUY HOTCHKISS, JR., and MARGUERITE HOTCHKISS, *Appellants,* v. VELMA R. WHITE, IRA H. BUNDY, LOYD BLOSSER and BESS BLOSSER, *Appellees.*

(382 P. 2d 325)

Opinion filed June 8, 1963.

*George E. Teeple,* of Mankato, argued the cause, and *N. J. Ward,* of Belleville, was with him on the briefs for the appellants.

*Charles A. Walsh,* of Concordia, argued the cause, and *Percy H. Collins, Jr.,* of Belleville, was with him on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from the judgment determining the boundary line between adjoining tracts of land purchased by separate parties from the owners of a single tract.

The action was instituted and tried as a declaratory judgment action. The facts alleged in the petition may be summarized.

The defendants, Ira H. Bundy and Velma R. White, were the

owners of the following described real estate located in Republic County, Kansas:

"The West Half (W ½) of the Southwest Quarter (SW ¼) of Section Three (3), and the East Half (E ½) of the Southeast Quarter (SE ¼) of Section Four (4), Township Three (3) Range (3) West of the 6th P. M."

On or about November 1, 1951, they agreed to sell six acres of the tract to defendants, Loyd and Bess Blosser, and entered into the following written memorandum:

"It is hereby agreed by Ira Bundy and Velma White to sell to Bess and Loyd Blosser the Southeast approximate six acres which is fenced and planted to corn, of the West half of the Southwest Quarter of 3-3-3 for the sum of $6,000 (six thousand dollars), $1,000.00 (one thousand dollars) to be paid on November 1, 1951, and the balance to be paid on January 5, 1952, upon receipt of clear abstract title and deed to said approx. 6 acres. Loyd Blosser, Bess Blosser, Ira Bundy, Velma White."

On December 12, 1951, they executed a deed to defendants Blossers which was recorded in the Office of the Register of Deeds of Republic County, Kansas, February 2, 1953. The deed described the land conveyed as follows:

"Starting at the Southeast corner of the West Half (W ½) of the Southwest Quarter (SW ¼) of Section Three (3), Township Three (3), Range Three (3), Republic County, Kansas, thence running west 817 feet, thence running north 320 feet, thence running east 817 feet, thence running south 320 feet to the place of beginning being six acres."

On November 9, 1954, plaintiffs and Velma R. White and Ira H. Bundy entered into a contract for the purchase and sale of the following described property:

"The West One-Half (W ½) of the Southwest Quarter (SW ¼) of Section Three (3), except six (6) acres in the Southeast corner thereof, which is already conveyed to Loyd Blosser and wife, and the East one-Half (E ½) of the Southeast Quarter (SE ¼) of Section Four (4), all in Township Three (3) South of Range Three (3) west in Republic County, Kansas."

Thereafter, on December 15, 1959, by mutual agreement, defendant vendors made, executed, and delivered to defendants, Loyd and Bess Blosser, a correction deed describing the land as follows:

"A parcel of land located in the West half of the Southwest Quarter of section Three (3), Township Three (3) South, Range Three (3) West of the 6th P. M., more particularly described as follows: Commencing at a point at the intersection of the east line of said West half of the Southwest Quarter section and the north right of way line of present U. S. 36 Highway, being 71.9 feet north of the Southeast corner of said West half of the

Southwest Quarter, thence north along said east line of the West half of the Southwest Quarter Section 320 feet, thence westerly parallel to the north line of the right of way line of present U. S. 36 Highway 817 feet, thence south parallel to the east line of the West half of the Southwest Quarter Section 320 feet, thence easterly along the north line of the right of way line of present U. S. 36 Highway 817 feet to the place of beginning, containing six acres more or less.

"This deed is given to correct the description appearing in a former deed between the parties hereto, dated December 12, 1951, and recorded in the office of the Register of Deeds for Republic County, Kansas on February 2, 1953, in Book 167, Page 425-426."

The deed was filed for record in the Office of the Register of Deeds, Republic County, Kansas, December 16, 1959. It will be noted that the correction deed places the beginning point 71.9 feet further to the north than the original deed.

On December 21, 1959, plaintiffs entered into an extension agreement with defendants Velma R. White and Ira H. Bundy. The original agreement did not fix a definite time for the payment of the final balance due. Seven thousand dollars had been paid in installments. An additional seven thousand dollars was to be paid, but no time was fixed.

The plaintiffs learned of the correction deed for the first time on December 29, 1959.

The petition alleges that an actual controversy exists between the parties growing out of the transactions and sets out seven different claims and contentions. In the interest of some brevity, the contentions are highly summarized.

The plaintiffs contend that the defendants, Blossers, own only the land described in their original deed, and that the Blossers contend that the metes and bounds described in the tract purchased by them begins 71.9 feet north of the southeast corner of the west half of the southwest quarter of the section; that the defendants, by the correction deed, are attempting to unlawfully take land from the plaintiffs which they acquired under their purchase agreement, and that the defendants contend an error was made in the first conveyance to the Blossers and that the correction deed contains the proper description of the land which the Blossers were to acquire; that there was no mistake in the first conveyance but that if there was such a mistake the plaintiffs had no knowledge thereof and were not a party thereto but entered into the purchase agreement in good faith.

The plaintiffs further contend that if a description, as set forth

in the correction deed, is not determined to be the description of the property owned by the Blossers, then the plaintiffs have a claim against each of the defendants for damages. The petition sets out additional claims by the plaintiffs as to their rights under the original purchase agreement and the extension agreement with the defendants, Velma R. White and Ira H. Bundy.

The petition requested a determination of "the rights of the parties in and to the real estate in controversy" and that the correct description as to the tracts concerned be fixed.

The defendants, Blossers, answered, claiming that they had been in open and notorious possession of the land described in the correction deed, had made valuable improvements thereon, and that the plaintiffs acquiesced and consented to the possession and ownership asserted by them.

The defendants, Velma R. White and Ira H. Bundy, filed their answer adopting the allegations of the answer of the Blossers and further alleged fraudulent representation on the part of plaintiff, Guy Hotchkiss, in procuring the extension agreement. The plaintiffs replied with a general denial to the answer of the defendants, Velma R. White and Ira H. Bundy.

The Blossers then filed an amended answer which does not require special consideration here. The plaintiffs filed an extended reply thereto. The reply, among other things, alleged that at no time had there been sufficient possession by the defendants, Blossers, of any portion of the land in controversy so as to give them any claim thereto. The reply specifically alleged:

". . . that these defendants have entered into an agreement and conspiracy, whereby they agreed to use the same attorneys and to make the allegations and claim of interests as set forth in the said amended answer of the said Blossers and the answer of the said White and Bundy, for the purpose of taking certain real estate from these plaintiffs, without legally acquiring the same, and without paying any consideration therefor; . . ."

We will not extend this opinion with a discussion as to the controversy over the pleadings, the trial of the issues, or the final disposition of the case in the court below. We pause here to raise a jurisdictional question. It should suffice to say that at this point the parties were in complete disagreement as to the nature of the issues before the court for determination. There was a serious dispute as to whether the conflicting contentions presented questions for determination by a jury as a matter of right.

The first matter for consideration is whether the controversial pleadings present a controversy justiciable under the declaratory judgment act. (G. S. 1949, 60-3127, *et seq.*) Even though the parties have not raised the question, it is one which the court will raise on its own motion.

In the recent case of *Alliance Mutual Casualty Co. v. Bailey,* 191 Kan. 192, 380 P. 2d 413, it was stated at page 198 of the opinion:

"The first question confronting this court is whether, under the complicated and highly controversial pleadings, a controversy is presented which is justiciable under the declaratory judgment act (G. S. 1949, 60-3127, *et seq.*). The parties have not raised or discussed the question. Even so this serious preliminary question requires attention before the merits of the case can be considered.

"The question, being one of jurisdiction, can and should be raised by this court on its own motion. (*Riley v. Hogue,* 188 Kan. 774, 365 P. 2d 1097.)

"In *Farm Bureau Mutual Ins. Co. v. Barnett,* 189 Kan. 385, 369 P. 2d 350, we said:

" 'However, neither party in the action has raised the question of jurisdiction of this court and as has been stated on many occasions, whether the parties raise the question or not, the court has the duty to do so upon its own motion. . . .' "

It appears from the record that neither the parties nor the trial judge were certain as to whether the conflicting contentions contained in the pleadings, and the issues to be tried, constituted an action for ejectment, a boundary dispute, estoppel by acquiescence, estoppel because of fraudulent representations, or estoppel because, as concluded by the trial judge, "plaintiffs were in privity with defendants, Velma R. White and Ira H. Bundy, when they contracted to purchase the remaining land owned by said vendors".

Certainly the parties are not in accord as to how their contentions arose and what the controlling contentions are. The abstracts set out some ninety-two pages of conflicting testimony on the question.

In *Alliance Mutual Casualty Co. v. Bailey,* supra, the court stated further at page 198 of the opinion:

"This court, in considering controversies justiciable under the declaratory judgment act (G. S. 1949, 60-3127, *et seq.*), has consistently adhered to the rule that a declaratory judgment action will not lie where there is a factual dispute as to how the contentions arose and what the legal contentions are. If the legal contentions, or the controversy as to what the legal controversies are, cannot be determined until after an extended hearing of the evidence and findings of fact, a declaratory judgment action is not proper."

The rule governing the question now before the court was well stated in *McAdam v. Western Casualty & Surety Co.*, 186 Kan. 505, 351 P. 2d 202, where the court stated:

"Normally, a declaratory judgment action is not well suited to a case in which there is a controversy regarding how the contentions of the parties arose or what the contentions are. These matters should be agreed upon in the pleadings, or some other form of action should be brought. (*City of Cherryvale v. Wilson*, 153 Kan. 505, 112 P. 2d 111; *Hyde Park Dairies v. City of Newton*, 167 Kan. 730, 208 P. 2d 221; *Stalnaker v. McCorgary*, 170 Kan. 9, 223 P. 2d 738; *Simmons v. Reynolds*, 179 Kan. 785, 298 P. 2d 345; *Bodle v. Balch*, 185 Kan. 711, 347 P. 2d 378; *State Association of Chiropractors v. Anderson*, 186 Kan. 130, 348 P. 2d 1042.)" (p. 506.)

Two other recent cases have followed the rule that a declaratory judgment action is not proper where the parties fail to agree in the pleadings as to how their contentions arose and what the contentions are. (See, *Farm Bureau Mutual Ins. Co. v. Barnett*, 189 Kan. 385, 369 P. 2d 350, and *State Automobile & Casualty Underwriters v. Gardiner*, 189 Kan. 544, 370 P. 2d 91.)

The conflicting contentions and the diverse of issues raised by the pleadings compel a conclusion that the action is not one suitable for relief in the form of a declaratory judgment.

The judgment is reversed with instructions to dismiss the action.
APPROVED BY THE COURT.