No. 46,513

THE ST. FRANCIS MERCANTILE EQUITY EXCHANGE, INC., *Appellant,*
v. GLENN WALTER, *Appellee.*

(505 P. 2d 775)

Opinion filed January 20, 1973.

*H. Newlin Reynolds,* of Hodge, Reynolds, Smith, Pierce & Forker, of Hutchinson, argued the cause, and *James M. Milliken,* of Milliken & Wilks, of St. Francis, was with him on the brief for appellant.

*John C. Kite,* of St. Francis, was on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: The appellant, The St. Francis Mercantile Equity Exchange, Inc., brought suit as promisee to collect on an unsecured promissory note executed by the appellee, Glenn Walter, on February 4, 1965. The appellee filed a cross-petition alleging he was the owner of certain shares of stock and "deferred patronage dividends" in the Exchange. He sought to have the value of those assets setoff as a credit against the principal and interest on the note, or in the alternative, judgment against the appellant for that value.

The appellant filed a motion for summary judgment, and it was sustained on December 14, 1970. Execution was reserved by the district court upon final determination on the merits of the appellee's cross-petition. The record shows the district court entered judgment against the appellant for the value of the stock and the deferred patronage dividends on February 2, 1971. There were no post trial motions.

Thereafter, and on July 12, 1971, the appellant filed a notice of appeal seeking review of the judgment entered on February 2, 1971—some five months after that determination.

This court has only such appellate jurisdiction as is conferred by statute pursuant to Article 3, Section 3 of the Kansas Constitution (since amended), and when the record discloses lack of jurisdiction, this court has the duty to dismiss the appeal. (*Hotchkiss v. White,*

191 Kan. 534, 382 P. 2d 325; *Materi v. Spurrier,* 192 Kan. 291, 387 P. 2d 221; *Bammes v. Viking Manufacturing Co.,* 192 Kan. 616, 389 P. 2d 828; *Lira v. Billings,* 196 Kan. 726, 414 P. 2d 13; *Thompson v. Amis,* 208 Kan. 658, 493 P. 2d 1259.) K. S. A. 60-2103 (*a*) provides the procedure whereby a case may be appealed to this court, and states:

"When an appeal is permitted by law from a district to the supreme court, *the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment* . . ." (Emphasis supplied.)

As indicated, no post trial motions were filed by the appellant to reverse or modify the judgment entered on February 2, 1971. The notice of appeal was filed some four months after the 30 day statute of limitations had run and this court is of the opinion it lacks jurisdiction to consider the merits of the issues raised on appeal.

The appeal is dismissed.