No. 47,418

EVALYN L. FILDES, *Appellee*, v. B. D. FILDES, *Appellant*.

(527 P. 2d 1007)

Opinion filed November 2, 1974.

*Lane H. Cronhardt*, of Hutchinson, argued the cause and was on the brief for the appellant.

*James L. Pinkerton*, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from the trial court's ruling on post-trial motions filed by both parties in a divorce action. The motions were final actions of the parties in a dispute over the question whether the sum of $52,030.00, payable to plaintiff-appellee by the defendant-appellant pursuant to the decree of divorce and provisions of the property settlement agreement incorporated therein, constituted property only and not alimony or child support. On August 21, 1973, the trial court ruled again, as it had in a previous post-trial proceeding, that the sum payable by defendant to plaintiff, pursuant to the decree and property settlement agreement incorporated therein, constituted property only and not alimony or child support.

A journal entry was prepared by plaintiff's counsel and submitted to defendant's counsel. Defendant's counsel made some changes in the journal entry on August 29, 1973, and returned it to plaintiff's counsel with a letter of transmittal directing:

"If this Journal Entry meets with your approval please file and return a copy to my office."

The journal entry was filed on September 7, 1973. Defendant's notice of appeal was filed on October 9, 1973. Plaintiff filed a motion to dismiss asserting this court lacked jurisdiction to hear the appeal. We denied the motion when filed, but granted plaintiff leave to renew when the case was presented on the merits. Plaintiff has renewed her motion to dismiss. Pursuant to Article 3, Section 3

of the Kansas Constitution this court has only such appellate jurisdiction as provided by law. K. S. A. 60-2103 (*a*) provides specifically that when an appeal is permitted by law the time within which it may be taken shall be thirty days from the entry of judgment. Since the present appeal was not filed within the prescribed thirty days this court has no jurisdiction to consider the merits of the issues raised. (*St. Francis Mercantile Equity Exchange, Inc. v. Walter,* 211 Kan. 76, 505 P. 2d 775; *Carter v. State Department of Social Welfare,* 189 Kan. 688, 370 P. 2d 1019; and *Allbritten v. National Acceptance Co.,* 183 Kan. 5, 325 P. 2d 40.)

No request was made to the district court for an extension of time for filing the appeal under the provisions of K. S. A. 60-2103 (*a*).

The appeal is dismissed.