No. 48,153

HARTFORD ACCIDENT & INDEMNITY CO., *Appellant,* v. HAROLD FAULKNER, dba HAROLD FAULKNER HAULING, TOWING & WRECKER SERVICE, *Appellee.*

(564 P.2d 470)

Opinion filed May 14, 1977.

*Donald Patterson,* of Fisher, Patterson, Sayler & Smith, of Topeka, argued the cause, and *Harrison Smith,* of Garden City, was with him on the briefs for the appellant.

*John E. Fierro,* of Dodge City, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a declaratory judgment action from an order of the trial court construing a garagekeepers' legal liability endorsement to an insurance policy, which insured against loss to an automobile caused by "malicious mischief or vandalism," to cover theft of three magnesium wheels and racing tires from an automobile entrusted to the garagekeeper and stored on his premises for repair.

On May 26, 1975, the trial court found the insurance policy ambiguous and ruled for the insured. The trial court's memorandum opinion, filed May 27, 1975, set forth the conflicting case authorities (*Thomas v. Pennsylvania Fire Insurance Company,* 163 So. 2d 202 [La. Ct. App. 1964], writ denied, 246 La. 583, 165 So. 2d 481 [1964]; and *Parnell v. Rohrer Chevrolet Co.,* 95 N.J. Super. 471, 231 A. 2d 824 [1967]) and concluded:

"In view of the foregoing, the Court finds that it is foremost in law and public policy that the ruling and philosophy of the New Jersey Court be adopted and that this court adopts such an interpretation in this particular case."

The memorandum opinion further directed:

"Counsel for the defendant will please draw a journal entry reflecting the foregoing."

(See K.S.A. 60-258[b] [Corrick]; and *Brown v. Brown*, 218 Kan. 34, 542 P. 2d 332.)

The record on appeal presented to this court does not reflect any further action by the parties. On October 7, 1975, a notice of appeal, dated October 3, 1975, was filed by the plaintiff, Hartford Accident & Indemnity Company. This notice of appeal provided:

"NOTICE OF APPEAL
"(Filed October 7, 1975)
"TO: NANCY J. FAULKNER and John Fierro, her attorney
"Take notice that the under signed, Hartford Accident & Indemnity Co., does and has appealed from the decision rendered and made in the above entitled action on the 27th day of May, 1975, whereby it was by said court decided, ordered and adjudged that the petition for Declaratory Judgment of plaintiff herein was denied.
"Dated: 3 Oct. 75."

Since this notice of appeal purports to appeal from the May 27, 1975, decision of the trial court, it is out of time.

Pursuant to Article 3, Sec. 3, of the Kansas Constitution this court has only such appellate jurisdiction as is conferred by statute. K.S.A. 60-2103 (*a*) provides specifically that when an appeal is permitted by law the time within which it may be taken shall be 30 days from the entry of judgment. Since the present appeal was not filed within the prescribed 30 days, this court has no jurisdiction to consider the merits of the issues raised. (*Fildes v. Fildes*, 215 Kan. 622, 527 P. 2d 1007; and *St. Francis Mercantile Equity Exchange, Inc. v. Walter*, 211 Kan. 76, 505 P. 2d 775.)

A review of the district court's records reveals that on August 4, 1975, an order was filed stating the defendant should have declaratory judgment against the plaintiff as set forth in the trial court's memorandum opinion. No request was made to the district court for an extension of time for the filing of the appeal under K.S.A. 60-2103(*a*). Even if the order filed August 4, 1975, should be construed as the requested journal entry, the appeal is still out of time. (*Brown v. Brown*, supra.)

Accordingly, the appeal is dismissed.