SAUNDERS v SMITH

Docket No. 30267. Submitted June 6, 1978, at Lansing.—Decided
September 21, 1978. Reversed in lieu of leave to appeal, 405
Mich 833.

Phyllis E. Smith commenced a divorce action against Harry G.
Smith. Harry G. Smith filed an answer and counter-complaint.
The parties reached an agreement as to the division of property
and at a hearing, on March 30, 1976, the property settlement
was stated in full on the record and Harry G. Smith withdrew
his pleadings and the case proceeded *pro confesso.* Phyllis E.
Smith died on April 28, 1976, just 29 days following the court
proceeding, but before the judgment of divorce had been en-
tered. Upon motion of Dorothy Saunders, sister of the decedent
and special administratrix of the estate of Phyllis E. Smith,
default judgment of divorce *nunc pro tunc* was entered on June
17, 1976, Oakland Circuit Court, Farrell E. Roberts, J. Defend-
ant appeals. *Held:*

There can be no doubt but that the trial court and the
respective attorneys intended that the divorce be given immedi-
ate effect at the hearing on March 30, 1976.

Affirmed.

DIVORCE—JUDGMENT—JUDGMENT IN WRITING—TERMS OF DIVORCE—
ORAL JUDGMENT—GOOD FAITH.

A judgment of divorce is not effective, as a general rule, and the
parties remain married, until the judgment is reduced to
writing and signed; however, where the trial judge reads into
the record all the terms of divorce and declares that such
statement is to be given immediate effect as a judgment of
divorce without further action or signing of a written judg-
ment, such an oral declaration may be as fully effective as a
written judgment of divorce; and, an exception to the general
rule may occur where the parties have in good faith acted on
the strength of a judge's oral statement that a divorce is or will
be granted.

*Hatchett, Dewalt & Hatchett,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 419.

*Barry, Pantel & James,* for defendant.

Before: Allen, P.J., and Cynar and D. R. Freeman,* JJ.

Allen, P.J. Where the wife in a *pro confesso* divorce proceeding dies 29 days after the date of the proceedings but before a formal judgment of divorce has been entered, may a written *nunc pro tunc* judgment of divorce be entered? On June 17, 1976, the trial court held "yes" and defendant-husband appeals of right.

Phyllis and Harry Smith, defendant, were married in April, 1945, and lived together until February, 1974, when they separated and Phyllis filed a complaint for divorce. No children were born of the marriage. An answer and counter-complaint were filed by the defendant in April, 1974. On March 30, 1976, the matter came on for hearing, the parties having reached an agreement as to the division of property. The property settlement agreement was stated in full on the record, defendant withdrew his pleadings, and the case proceeded *pro confesso.* At the conclusion of the wife's testimony the following occurred:

"MR. TOBY *[Plaintiff's Attorney]:* Does the Court have any questions?

"THE COURT: I have no questions. You may step down. Judgment is granted. Property disposed of as set forth on the record. There will be no alimony. Insert the usual dower and insurance provisions.

"MR. TOBY: One further point, Your Honor. I would ask this judgment, even though written judgment will be prepared after this, be given immediate effect?

"MR. KENNEDY *[Defendant's Attorney]:* I have no objection.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"THE COURT: I have no objection.
"MR. TOBY: Thank you."

Phyllis Smith died April 28, 1976, just 29 days following the court proceedings but before a written judgment of divorce had been entered. Upon motion of Dorothy Saunders, sister of the decedent and special administratrix of Phyllis Smith's estate, default judgment of divorce *nunc pro tunc* was entered June 17, 1976.[1] Under the property settlement agreement the wife was awarded some $6,000 in savings bonds, some of which were in defendant's name alone, $13,465 in the defendant's stock savings program, $8,000 in Brunswick stock and $10,000 in cash, payable by defendant within 90 days from the date of the *pro confesso* hearing.

We find that the instant appeal is controlled by *Tiedman v Tiedman*, 400 Mich 571, 577; 255 NW2d 632 (1977). In that case, as here, the attorneys stated on the record the terms of the property settlement, the parties acknowledged the accuracy of the terms stated and the wife then testified. Unlike the instant case, the trial court then stated " 'I'll approve the property settlement as stated and upon presentation I will sign the judgment of divorce' ". 400 Mich at 573. Six days later, before a judgment of divorce had been presented, the husband died in a fire and the wife moved to dismiss the complaint for divorce for the reason that she had become a widow. The trial court denied the motion and, as here, entered a judgment of divorce

---

[1] The written opinion of the trial court granting the motion stated: "On the 30th day of March 1976, testimony was taken that satisfied me that the marriage of these parties had broken down to the extent that they could no longer continue their marriage relationship. Attorneys for both parties *agreed with the Court that the marriage should cease as of that date* and that the written Judgment would so be prepared. Under these circumstances a Judgment will be prepared granting the divorce as of March 30, 1976." (Emphasis supplied.)

*nunc pro tunc* to the date of the hearing. The Court of Appeals affirmed but the Supreme Court reversed, saying that: "Generally * * * until reduced to writing and signed", a judgment is not effective and the parties remain married. *Id.,* at 576. To this general rule, the Court then added a full paragraph exception.

"We do not wish to be understood as saying that a judgment of divorce may not be made effective immediately by a judge's oral statement. *If the judge were to read into the record all the terms of a judgment of divorce, and declare that such statement is to be given immediate effect as a judgment of divorce without further action or signing of a written judgment, such an oral declaration might be as fully effective as a written judgment of divorce."* 400 Mich at 577. (Emphasis supplied.)

The *Tiedman* Court also stated that an exception to the general rule might occur where the parties have in good faith *"acted* on the strength of a judge's oral statement that a divorce is or will be granted".[2] 400 Mich at 575, n 1.

The instant appeal falls within the full paragraph exception quoted above. There can be no doubt but that the trial court and the respective attorneys intended that the divorce "be given immediate effect". Based on the record it appears with certainty that the parties were divorced March 30, 1976.

Affirmed, costs to plaintiff.

---

[2] The so-called reliance exception to *Tiedman* is discussed in an opinion of this Court, released concurrently with this opinion in *Ensman v Ensman,* 86 Mich App 91; 272 NW2d 176 (1978).