375 So.2d 415 (1979)
Sylvester PITTMAN
v.
Ella Mae Polk PITTMAN, Deceased, Revived in the Name of Willie Polk, Administrator.
No. 51484.
Supreme Court of Mississippi.
October 3, 1979.
Cecil G. Johnson, Biloxi, for appellant.
Hill & McCarthy, Michael C. Hill, Biloxi, for appellee.
Before SMITH, LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
This appeal is from the Chancery Court of the Second Judicial District of Harrison County. The lower court entered a final decree of divorce and other incidental adjudications. Appellant advances several assignments of error. We note only the first as its disposition renders the other assignments moot. The primary assignment is that a decree was entered by the chancellor after the death of Ella Mae Polk Pittman, complainant in the cause, and, therefore, was a void decree.
The hearing which resulted in the final decree was held on September 26, 1978. The lower court continued the cause for final disposition and a final decree in vacation. On October 3, 1978, the court addressed a letter to the solicitors for both *416 parties, setting out his findings, including a divorce to Mrs. Pittman, and requesting that the solicitors prepare a decree in accordance with the findings set out in the letter. After negotiation, the solicitors agreed on the form of a final decree, which was executed and filed in the cause by the court on October 27, 1978. In the meantime, the appellee, Ella Mae Polk Pittman, had died on October 17, 1978.
The authorities are clear that the death of complainant in the divorce action prior to the execution and entry of the final decree by the lower court ended the marriage of the parties and cancelled fully the bill of complaint for divorce and incidental property relief. This is so even though testimony had been heard in the cause and the court had issued what might be termed an "interlocutory order" in the form of a letter.
The principle involved is clearly stated in 104 A.L.R. 654, as follows:
It is well settled by practically all of the authorities that, upon the death of one of the parties to a purely divorce action, before the entry of a final decree therein, whether before or after the entry of an interlocutory decree or a decree nisi, the action abates with the consequence that the action may not be continued and no final decree of divorce may be entered thereafter, since the object sought to be accomplished by the final decree, that is, the dissolution of the marriage relation, is already accomplished by the prior death of one of the parties, and there is then no status of marriage upon which the final decree of divorce may operate. The result is that, notwithstanding the pending divorce action and the fact that a divorce might have been granted had no death occurred, the wife is regarded as the widow of the deceased husband, or the husband is regarded as the widower of the deceased wife, as the case may be.
Griffith, Mississippi Chancery Practice section 620, page 667, states in part:
A valid decree cannot be rendered in favor of two persons, one of whom at the time is dead. Such a decree is void. And likewise a decree rendered against a defendant after his death is void, if he was the sole defendant or was an indispensable party to the suit  although the interlocutory decree was rendered while he was alive.
Griffith further said:
... [W]e may now notice that in equity the decrees are of such an elaborate and flexible character that the drawing of them is not, as at law, a mere ministerial matter to be left to the clerk, but they must be drawn up in writing by the solicitors and signed by the chancellor before delivery to the clerk, and that a decree has no validity until so written out and signed... . But just here it is to be further noticed that it is thoroughly settled that the court has control of its own proceedings during the term at which they are had, and as a general rule an undoubted right to change, recall, or set aside any order or decree interlocutory or final for good cause at any time during the term at which it is made.
In the case of Orr v. Myers, 223 Miss. 856, 79 So.2d 277 (1955), this Court said:
The rule in this State is that every decree is in the breast of the court until entered, and a decree has no validity until written out and signed by the chancellor.
The general rule on the question before us was well set out by the Supreme Court of Ohio in the case of Caprita v. Caprita, 145 Ohio St. 5, 60 N.E.2d 483 (1945), where it was said:
The general rule that upon the death of one of the parties to a purely divorce action before the entry of a decree therein, the action abates with the consequence that the action may not be continued and no final decree of divorce may be entered thereafter, since the object sought to be accomplished by the final decree, that is, the dissolution of the marriage relation, is already accomplished by the prior death of one of the parties, and there is then no status of marriage upon which the final decree of divorce may operate.
*417 As hereinbefore stated, all issues in the cause were incidental to the request for a divorce and the contest thereon, and the entire cause died with the complainant. The cause is therefore reversed and rendered without prejudice to the rights of any person affected by the death of the complainant.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.