252

(655 P.2d 469)
No. 53,842

JUDY LORAINE SMITH, *Appellant,* v. LAWRENCE I. SMITH, *Appellee.*

Opinion filed December 16, 1982.

*James W. Clark,* of Ottawa, for appellant.

*Robert W. Green,* of Green & Sachse, Chartered, of Ottawa, for appellee.

Before REES, P.J., MEYER, J., and JAMES J. NOONE, District Judge Assigned.

REES, J.: Plaintiff has undertaken an appeal from rulings on a post-judgment motion filed by her for revival of alimony and past due child support awarded upon the parties' divorce in 1970. Defendant challenges our jurisdiction to hear this appeal on the ground plaintiff's notice of appeal was not timely filed. We find defendant's position to be correct and we therefore will not address the merits of the issues raised by plaintiff.

On January 8, 1981, following an evidentiary hearing, the trial judge filed with the clerk of the court written findings of fact and conclusions of law, and copies were served on the parties' attorneys. In pertinent part, the instrument filed and served read:

"The Court finds that child support for the period March 1, 1980, until Jill attains majority on January 3, 1981, is and shall be due and payable by the defendant.

. . . .

"5. Plaintiff's [remarriage] . . . was not a void marriage, and would at most be voidable. Defendant's obligation to pay alimony was not revived by the subsequent annulment of this remarriage. . . .

. . . .

"7. Defendant is obligated to pay $100 per month for the support of Jill for the period from March 1, 1980, to January 3, 1981, when she becomes eighteen, the age of majority. Judgment is entered for plaintiff against defendant for $1,010.00 accordingly plus any accrued or accruing costs."

Thereafter, on October 23, 1981, the following journal entry, approved by counsel for the parties, was filed:

"JOURNAL ENTRY OF JUDGMENT

"NOW on this 23rd day of October, 1981, the above captioned matter comes on for the entry of a Journal Entry of Judgment herein. Plaintiff appears by James W. Clark, her attorney. Defendant appears by Robert W. Green, his attorney.

"The Court being fully advised in the premises finds that judgment was entered on January 8, 1981, upon the filing of the Findings of Fact and Conclusions of Law signed by the Court and filed with the Clerk on that date.

"IT IS BY THE COURT CONSIDERED ORDERED AND ADJUDGED that defendant was obligated to pay $100.00 per month for the support of Jill Smith for the period from March 1, 1980 to January 3, 1981, when she became eighteen years of age. Judgment was entered for plaintiff and against defendant for $1,010.00 accordingly plus any accrued or accruing court costs. This judgment was filed and became effective January 8, 1981.

"IT IS BY THE COURT SO ORDERED AND ADJUDGED.

/s/ Floyd H. Coffman
District Judge "

Plaintiff's notice of appeal was filed October 30, 1981. That part of K.S.A. 60-2103(*a*) applicable to this case provides:

"When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by K.S.A. 60-258 . . . .

"A party may appeal from a judgment by filing with the clerk of the district court a notice of appeal."

## K.S.A. 60-258 provides:

"No judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. Where a judgment form is used it shall be *substantially as follows:*
[CASE CAPTION]
                    JUDGMENT FORM
On this _____ day of _____, 19__, judgment is entered as follows:
                (Include here the judgment entered)

_____

_____

_____
                    Judge"

(Emphasis added.)

Conversely, a judgment is effective upon the filing with the clerk of the court a journal entry or judgment form signed by the trial judge.

Supreme Court Rule 170, 228 Kan. lxxxiii, states in part that:

"(A) In all cases where the judge directs that the judgment be settled by journal

entry pursuant to K.S.A. 60-258, it shall be prepared in accordance with the directions of the judge."

The trial judge did not direct that the judgment entered on plaintiff's motion be settled by journal entry to be signed by the trial judge and filed with the clerk of the court. The operative language of the illustrative form set forth in K.S.A. 60-258 is "judgment is entered as follows: _____." The operative language of the written findings of fact and conclusions of law filed January 8, 1981, was substantially that required of a "judgment form" by K.S.A. 60-258.

Judgment was entered on January 8, 1981. The journal entry filed October 23, 1981, was surplusage. The notice of appeal, filed more than thirty days after entry of judgment, was out of time. We are without jurisdiction to entertain this appeal. *Hartford Accident & Indemnity Co. v. Faulkner,* 222 Kan. 243, 244, 564 P.2d 470 (1977); *Brown v. Brown,* 218 Kan. 34, 37-8, 542 P.2d 332 (1975); *Fildes v. Fildes,* 215 Kan. 622, 623, 527 P.2d 1007 (1974); *Kittle v. Owen,* 1 Kan. App. 2d 748, 573 P.2d 1115 (1977).

Appeal dismissed.