(768 P.2d 835)

No. 62,028

In the Matter of the Marriage of ANITA S. WILSON, *Appellee,* and CHARLES L. WILSON, through Joyce Simpson, Administrator of the Estate of Charles L. Wilson, *Appellant.*

Opinion filed February 17, 1989.

*Charles E. Millsap,* of Joseph, Robison & Anderson, P.A., of Wichita, for appellant.

*W. J. Fitzpatrick,* of Fitzpatrick & Bass, of Independence, for appellee.

Before RULON, P.J., GERNON, J., and DAVID W. KENNEDY, District Judge, assigned.

RULON, J.: In this matrimonial action, Charles L. Wilson died after the divorce hearing, but before the journal entry of judgment and decree of divorce was signed by the trial judge and filed with the clerk of the district court. The district court set aside the journal entry and decree of divorce and ruled that Charles and Anita were married when Charles died. The administrator of Charles' estate appeals the district court's order setting aside the journal entry and decree of divorce. Finding no reversible error, we affirm.

The undisputed facts of this case are as follows:

In June 1987, Anita Wilson filed a divorce petition. Her husband, Charles, answered and filed a counterclaim also praying for a decree of divorce. On November 5, 1987, a hearing was conducted in district court. Anita testified that she wanted the marriage dissolved and that the parties had reached an agreement regarding the terms and conditions of the divorce, including property division, child custody and support, and mainte-

nance. Charles testified and requested a divorce be granted and further stated that he agreed with Anita's testimony regarding their agreement. At the conclusion of the hearing, the court ordered Anita's attorney to prepare the decree.

Twenty-nine days after the hearing, on December 4, 1987, at 12:16 a.m., Charles died. Approximately nine hours later, on December 4, 1987, at 9:00 a.m., the signed journal entry and decree of divorce was delivered to the clerk of the court for filing.

Ten days later, Anita filed a suggestion of death and subsequently filed a motion pursuant to K.S.A. 60-260 requesting that she be relieved from the effect of the journal entry and decree of divorce. At the conclusion of the hearing on Anita's motion, the district court held:

"The Supreme Court of the State of Kansas has specificially held that a divorce is not final until the Journal Entry is filed. Consequently, the death of Mr. Wilson prevents the divorce from being granted. The Decree of Divorce that I signed on - at 9:00 on December 4, 1987, is set aside, cancelled and held for naught. Mr. and Mrs. Wilson were legally married at the time of his death. It's the Order of the Court."

The court's order was journalized and the administrator of Charles' estate filed a timely notice of appeal.

The sole issue on appeal is whether the district court erred in setting aside the journal entry and decree of divorce.

This court's scope of review on questions of law is unlimited. *Utility Trailers of Wichita, Inc. v. Citizens Nat'l Bank & Tr. Co.,* 11 Kan. App. 2d 421, 423, 726 P.2d 282 (1986).

In the present case, although the result may be perceived as harsh, the trial court properly found the journal entry and decree of divorce ineffective. K.S.A. 60-258 provides:

"Entry of judgments shall be subject to the provisions of section 60-254(b). No judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. Where a judgment form is used it shall be substantially as follows:

_____, Plaintiff,

        vs.                                 No. _____

_____, Defendant.

JUDGMENT FORM

On this _____ day of _____, 19_____, judgment is entered as follows:

(Include here the judgment entered)

Judge

"When judgment is entered by judgment form the clerk shall serve a copy of the judgment form on all attorneys of record within three days. Service may be made personally or by mail. Failure of service of a copy of the judgment form shall not affect the validity of the judgment."

In *State v. Dubish*, 234 Kan. 708, 675 P.2d 877 (1984), the Supreme Court discussed K.S.A. 60-258 as it existed prior to its amendment in 1976 and then reviewed the statute as amended. Justice Lockett, writing for a unanimous court, stated:

"The new statute's language is clear. *No judgment is effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court. In re Estate of Burns*, 227 Kan. 573, 575, 608 P.2d 942 (1980). In the recent case of *Anderson v. United Cab. Co.*, 8 Kan. App. 2d 694, 666 P.2d 735, *rev. denied* September 8, 1983, the Court of Appeals found the notation of the decision of the trial judge in his trial docket, and the notification of the decision to the attorneys by letter, was not in compliance with K.S.A. 60-258. The letter contained a direction to defendant's counsel to prepare a proper journal entry. The Court of Appeals held entry of judgment did not take place until the journal entry was filed. See also *Smith v. Smith*, 8 Kan. App. 2d 252, 655 P.2d 469 (1982)." *Dubish*, 234 Kan. at 714-15. (Emphasis added.)

The *Dubish* case involved the question of whether a criminal defendant and the victim of aggravated sodomy were married when the crime occurred. The aggravated sodomy statute in effect at that time precluded conviction of sodomy for activities between a husband and wife. In that case, the sodomy occurred on October 4, 1982, and the journal entry and decree of divorce was signed by the trial judge and filed with the clerk on October 15, 1982. The Supreme Court concluded that the divorce took effect on October 15, 1982; thus, the defendant and the victim were still married when the sodomy occurred. The Supreme Court reversed the aggravated sodomy conviction and set aside the sentence.

In the present case, the journal entry and decree of divorce was signed by the judge and filed with the clerk on December 4, 1987, at 9:00 a.m. Charles and Anita were married until that time. Charles died before the journal entry was effective; thus, the parties were married at the time of his death.

Charles' estate asserts that the division of property and marital status of the parties are two aspects of a divorce action that are divisible. This position is untenable. The cases cited by counsel do not support this proposition; in each of the cited cases, the journal entry and decree of divorce was effective. *Adamson v. Snider*, 131 Kan. 284, 291 Pac. 744 (1930); *Craig v. Craig*, 112 Kan. 472, 212 Pac. 72 (1923); *Martin v. Martin*, 5 Kan. App. 2d 670, 623 P.2d 527, *rev. denied* 229 Kan. 670 (1981).

Although separation agreements are authorized by statute, K.S.A. 1988 Supp. 60-1610(b)(3), division of property and apportionment of debt are not necessary where the parties are not divorced. K.S.A. 60-258 renders the divorce decree ineffective in this case; therefore, the agreement incorporated therein must also be ineffective. If there is no divorce, there is no division of marital property.

This court is duty bound to follow the law as interpreted by the Kansas Supreme Court absent some indication of change by that court. Because the *Dubish* court held that K.S.A. 60-258 must be applied without exception, the better practice would be for the district court to sign and file a judgment form immediately following a divorce hearing if counsel have not prepared the appropriate journal entry in advance.

The issue of whether the parties' property settlement agreement can be enforced by a separate action need not be decided; that issue is not properly before this court because it was not presented to the district court.

The district court's order setting aside the journal entry and decree of divorce is affirmed.

KENNEDY, District Judge, assigned, dissenting: I respectfully dissent.

Appellant argues K.S.A. 60-1802 prevents an action for divorce from abating after the death of one of the parties. This argument ignores the survival of claims statute, K.S.A. 60-1801. In *Gross v. VanLerberg*, 231 Kan. 401, 405, 646 P.2d 471 (1982), the Supreme Court stated that "whether a particular cause of action survives the death of a party is to be determined by K.S.A. 60-1801. K.S.A. 60-1802 simply provides the procedure for the continuation of an action by substitution of parties in cases where the cause of action survives the death of a party."

Pursuant to K.S.A. 60-1801, it must be determined whether at

common law a divorce action survived the death of one of the parties. In both *Adamson v. Snider,* 131 Kan. 284, 291 Pac. 744 (1930), and *Craig v. Craig,* 110 Kan. 13, 202 Pac. 594 (1921), the Kansas Supreme Court stated that, where the only issue is the marital status of the parties, an action for divorce does not survive the death of one of the parties.

If there had not been a hearing on November 5, 1987, and if the trial court had not entered a judgment, the action as it related to the marital status of the parties would have abated. However, those are not the facts of this case.

> "The stake in this case is a widow's one-half of a sizeable estate. We can easily conceive of a divorce granted in the late forenoon, with a clear and specific direction to the clerk to enter judgment forthwith. While the clerk is at lunch and before the judgment is 'entered,' the husband is struck by a truck and killed. Surely the divorced wife cannot claim a widow's share simply because the clerk lunched before writing." *In re Estate of Penn,* 216 Kan. 153, 159, 531 P.2d 133 (1975).

There is no practical difference between what Commissioner Foth hypothesized in *Penn* and what happened in this case.

There are no Kansas appellate cases which are directly on point. There is a split of authority in several states. Some of the states agree with Anita, that if the journal entry is not filed of record before the death of a spouse, then the action abates and the decree must be set aside. *Pittman v. Pittman,* 375 So. 2d 415 (Miss. 1979); *Haulman v. Bowman,* 154 Neb. 14, 46 N.W.2d 689 (1951); *Williams v. Williams,* 146 Neb. 383, 19 N.W.2d 630 (1945). It has been held that, after an interlocutory decree, the death of either party to a divorce suit terminates the action and leaves the other party a surviving spouse with all the property rights of such a spouse. *Corte v. Cucchira,* 257 Md. 14, 261 A.2d 775 (1970); *Keidel v. Keidel,* 119 R.I. 726, 383 A.2d 264 (1978). In at least one jurisdiction the same result occurs if one party dies after a final judgment has been entered but a motion for rehearing is pending. *Johnson v. Feeney,* 507 So. 2d 722 (Fla. 1987).

In Michigan, the general rule is that the parties to a divorce remain married and the judgment is not effective until it is reduced to writing and signed by the judge. *Tiedman v. Tiedman,* 400 Mich. 571, 255 N.W.2d 632 (1977). However, Michigan recognizes two exceptions to this rule. One exception is where the trial judge makes it clear that he is entering a

judgment of divorce without further action or signing of a written judgment. *Saunders v. Smith,* 86 Mich. App. 1, 272 N.W.2d 174 (1978). The second exception is where the parties have acted in good faith based on the trial judge's oral statement that a divorce is or will be granted. *Ensman v. Ensman,* 86 Mich. App. 91, 272 N.W.2d 176 (1978).

There are a number of cases which hold that, if the trial judge has orally rendered his decision but one of the parties dies before the judgment is entered, the decree is still valid. *In re Marriage of Shayman,* 35 Cal. App. 3d 648, 111 Cal. Rptr. 11 (1973); *Saunders v. Smith,* 86 Mich. App. 1; *Tikalsky v. Tikalsky,* 166 Minn. 468, 208 N.W. 180 (1926); *Caprita v. Caprita,* 145 Ohio St. 5, 60 N.E.2d 483 (1945); *Mabry v. Baird,* 203 Okla. 212, 219 P.2d 234 (1950); *Verret v. Verret,* 570 S.W.2d 138 (Tex. Civ. App. 1978); *Marriage of Pettygrove v. Pettygrove,* 132 Wis. 2d 456, 393 N.W.2d 116 (Ct. App. 1986).

Although it is not controlling, by the early 1800's the common law of England had evolved to the point where:

"If the plaintiff or defendant die whilst the court are considering of their judgment, or after a special verdict or special case, and pending the time for argument, or for advising thereon, or on a motion in arrest of judgment, or for a new trial, they will permit the judgment to be entered up as of the term in which it *regularly* might have been." 1 Bacon's Abridgement of the Law, Abatement § F, 15-16 (1852).

K.S.A. 1988 Supp. 60-254(a) defines a judgment as the "final determination of the rights of the parties." It has long been the law of Kansas that the journal entry filed with the clerk is not the judgment of the court. It is only a memorialization of the court's judgment. *In re Estate of Penn,* 216 Kan. at 155; *State v. Linderholm,* 90 Kan. 489, 135 Pac. 564 (1913).

The 1976 amendment to K.S.A. 60-258 did not change the holding in *Penn.* In *Atkinson v. U.S.D. No. 383,* 235 Kan. 793, 795, 684 P.2d 424 (1984), the Supreme Court stated: "[W]e have recognized that entry of judgment is generally the ministerial act of recording the judgment rather than the judicial act of rendering it. *In re Estate of Penn,* 216 Kan. 153, 155, 531 P.2d 133 (1975)."

In the case before us, the trial court had completed all of its judicial acts in rendering a divorce. All that remained for the trial court was the ministerial act of reducing the judgment to writing and filing it of record.

The reliance of the majority on *State v. Dubish*, 234 Kan. 708, 675 P.2d 877 (1984), is misplaced. *Dubish* merely holds that the judgment is not effective until a journal entry is signed by the trial court and is filed with the clerk. *Dubish* does not hold that there is not a judgment until a journal entry is signed and filed.

The 1976 amendment to K.S.A. 60-258 does not mean that there was not a judgment. It simply means the judgment is not effective until a journal entry of judgment is signed by the trial court and filed with the clerk of the court. Any number of events are controlled by the filing of the journal entry of judgment form such as the time for filing an appeal; the 30-day prohibition for remarriage; the accrual of interest; the right to file a citation of contempt; the time for filing a motion for a new trial, judgment notwithstanding the verdict, or rehearing; or the time when a lien will attach.

In Kansas, the trial court sits as a court of equity when hearing divorce cases. It is not equitable for a party to a divorce to gain an advantage by someone intentionally or negligently failing to present a journal entry to the trial court for a signature.

It is undisputed that on November 5, 1987, the trial court had jurisdiction of the parties and the subject matter. It is undisputed that both Anita and Charles asked the court to dissolve their marriage and to approve a property settlement agreement on November 5, 1987. The judgment requested by the parties and rendered by the trial court should not be frustrated by the untimely death of Charles Wilson just hours before the journal entry was filed.

In the alternative, I would reverse the trial court and remand with directions to enter a judgment that reflects the property settlement agreement entered into by Charles and Anita. Our Supreme Court has never taken an absolute position that the death of a spouse abates a divorce proceeding for all purposes. In *Craig v. Craig*, 110 Kan. 13, the Supreme Court held that it retained jurisdiction to determine the property rights between the divorcing parties even though one of them died while the case was pending on appeal. In *Fourth Nat'l Bank v. Diver*, 131 Kan. 113, 289 Pac. 446 (1930), the court held that an action to determine if the marriage of an incompetent was void survives his death.

*Craig v. Craig* involved a factual situation where the husband

appealed from a divorce judgment. While the case was pending in the Supreme Court, the husband fraudulently obtained his ex-wife's signature on a stipulation to reverse the divorce judgment. The wife died before the matter could be brought back before the Supreme Court. The husband argued that the death of the wife abated the action so as to prevent the Supreme Court from having jurisdiction to hear the appeal. The Supreme Court stated:

"There seems to be no lack of authority to the effect that although the death of a party pending an appeal from a judgment in a divorce action abates the action so far as it affects the mere marital status [citations omitted], it does not necessarily abate the action so far as property rights are concerned." 110 Kan. at 19.

The first *Craig* case is cited with approval in *Adamson v. Snider*, 131 Kan. 284. When *Craig v. Craig* was again before the Supreme Court, the court reiterated the position that property rights do not necessarily abate upon the death of one of the spouses. *Craig v. Craig*, 112 Kan. 472, 475, 212 Pac. 72 (1923).

This court has recognized that marital status and property rights are divisible. *Martin v. Martin*, 5 Kan. App. 2d 670, 623 P.2d 527, *rev. denied* 229 Kan. 670 (1981). In *Martin*, the defendant husband appealed from the trial court's ruling in a divorce case, contending that the trial judge abused his discretion when dividing marital property. The wife argued the court did not have jurisdiction to hear the appeal because Mr. Martin had acquiesced in the judgment when he remarried. The court stated:

"Here, neither party has challenged the marriage dissolution, which would be the only portion of the decree inconsistent with remarriage. The marriage dissolution is not affected by this appeal and it is a final judgment. Other states are in accord with this view, having held that the marital and financial benefits of a divorce decree are divisible and that remarriage has no effect on the financial aspects of the decree as far as acquiescence is concerned. [Citations omitted.]" 5 Kan. App. 2d at 672.

This position is consistent with the majority position among our sister states. See *McLellan v. McLellan*, 23 Cal. App. 3d 343, 100 Cal. Rptr. 258 (1972); *Morris v. Propst*, 98 Colo. 213, 55 P.2d 944 (1936); *Cregan v. Clark*, 658 S.W.2d 924 (Mo. App. 1983); *Olen v. Olen*, 124 N.J. Super. 373, 307 A.2d 121 (App. Div. 1973); *Mabry v. Baird*, 203 Okla. 212; *In Re Estate of Carter*, 14 Wash. App. 271, 540 P.2d 474 (1975). Also see Clark, Law of Domestic Relations, 384 (1968).

I would remand this case to the trial court with directions to enter a journal entry and decree of divorce nunc pro tunc dated November 5, 1987.