No. 62,028

In the Matter of the Marriage of ANITA S. WILSON, *Appellee,* and CHARLES L. WILSON, through Joyce Simpson, Administrator of the Estate of Charles L. Wilson, *Appellant.*

(777 P.2d 773)

Opinion filed July 14, 1989.

*Craig W. Campbell,* of Joseph, Robison & Anderson, P.A., of Wichita, argued the cause, and *Charles E. Millsap,* of the same firm, was with him on the brief for appellant.

*W. J. Fitzpatrick,* of Fitzpatrick & Bass, of Independence, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: In this divorce action the issue is the matrimonial status of the parties where one party dies between the time the trial court orally grants the divorce and the filing of the journal entry. The district court set aside the journal entry and held the parties were married at the time of the death of Charles L. Wilson. The administrator of Charles' estate appealed from said judgment and the same was affirmed by the Court of Appeals (13 Kan. App. 2d 291, 768 P.2d 835 [1989]). The matter is before us on petition for review.

The facts are not in dispute and may be summarized as follows. Charles and Anita Wilson were married on November 1, 1969. Two children were born to the marriage. On June 25, 1987, Anita filed this divorce action. Charles filed a counterclaim seeking a divorce. Both parties were represented by counsel. Trial was set for November 5, 1987. On the day of trial, the parties verbally

reached agreement on child support, visitation, property division, and maintenance. At the conclusion of the trial, the court orally granted a divorce to each party and accepted the parties' stipulation as to their agreement on the balance of the issues. Anita's counsel was directed to prepare the journal entry. At approximately 9:00 a.m. on December 4, 1987, the journal entry, properly signed by counsel for the respective parties, was presented to the trial judge for signature. The judge signed the same and it was immediately filed with the clerk. It was later learned that Charles had died at 12:16 a.m. on December 4, 1987—prior to the court's approval of and the filing of the journal entry.

Anita moved to set aside the journal entry based upon the death of Charles. The motion was granted with the trial court holding that Charles' death had terminated the marriage. Anita was, accordingly, held to be the widow of Charles rather than his ex-wife.

Resolution of the issue involves interpretation of K.S.A. 60-258, which provides:

"Entry of judgments shall be subject to the provisions of section 60-254(b). *No judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court.* Where a judgment form is used it shall be substantially as follows:

_____, Plaintiff,
vs.                                                                          No. _____
_____, Defendant.

"JUDGMENT FORM

"On this day _____ of _____, 19_____, judgment is entered as follows:
(Include here the judgment entered)

_____

_____

_____

_____
                                                        Judge

"When judgment is entered by judgment form the clerk shall serve a copy of the judgment form on all attorneys of record within three days. Service may be made personally or by mail. Failure of service of a copy of the judgment form shall not affect the validity of the judgment." (Emphasis supplied.)

The appellant administrator argues that the securing of the trial judge's approval of and the filing of the journal entry were ministerial acts and that, for all practical purposes, the parties were divorced on November 5, 1987, when the trial court verb-

ally announced its decision. In support of her position, appellant administrator cites cases applying the prior statute, K.S.A. 60-258(b) (Corrick), which provided:

"*(b) What constitutes entry of judgment. If* judgment is to be entered on the verdict of a jury, or *by direction of the judge forthwith, the clerk shall make a notation of the judgment on the appearance docket* as provided by section 60-2601, and *such notation shall constitute the entry of judgment, and no journal entry or other document shall be required to render the judgment effective.* If the judge directs that the form of the judgment is to be settled by a journal entry or other document, it shall be prepared in accordance with the directions of the judge who shall then sign the same and cause it to be filed with the clerk. Such filing shall constitute the entry of the judgment, and it shall not be effective before such filing. The clerk shall forthwith note the filing of the journal entry on the appearance docket together with a brief abstract of the nature of the judgment." (Emphasis supplied.)

K.S.A. 60-258 was amended in 1976 to its current provisions.

Under the prior law, the judge's minutes entered on the appearance docket by the clerk could be an effective judgment. In the case of *In re Estate of Penn,* 216 Kan. 153, 531 P.2d 133 (1975), the trial judge made minutes on his trial docket of the granting of the divorce but neither directed the clerk to enter same on the appearance docket nor requested a journal entry. We held:

"The entry in his trial docket by a trial judge of minutes reflecting in the present tense a judgment of divorce rendered in open court is tantamount to a direction to the clerk that such judgment be entered forthwith." Syl. ¶ 4.

The 1976 amendment unequivocally states that no judgment is effective until a journal entry or the judgment form is signed and filed. A journal entry was requested by the trial court herein. The decision of the trial court could not become effective prior to its filing by the express language of K.S.A. 60-258. If the decision of the trial court granting the divorce could not become effective prior to the filing of the journal entry, then it was ineffective prior to that time. Charles died prior to the trial court's approval of, and the filing of, the journal entry. At the time of his death, Charles was lawfully married to Anita. His death terminated that marriage. Accordingly, there was no marriage for the decree of divorce to terminate at the time the journal entry reflecting the judicial termination was filed. Anita was Charles' widow at the time the journal entry was signed and filed. We must conclude that the majority opinion of the Court of Appeals correctly

affirmed the trial court's setting aside of the journal entry granting a decree of divorce.

This determination is consistent with the result we reached in *State v. Dubish*, 234 Kan. 708, 675 P.2d 877 (1984). In a divorce proceeding, the trial court orally granted a divorce to Mildred Dubish on September 17, 1982. The journal entry reflecting said decision was filed on October 15, 1982. On October 4, 1982, an incident occurred which resulted in Andrew Dubish being charged, *inter alia*, with the aggravated sodomy of Mildred. The crime of aggravated sodomy, as statutorily defined at the time in question, required as an element that the defendant and the victim not be married. We overturned the conviction on the basis that defendant and the victim were married until the journal entry was signed and filed—hence they were husband and wife when the incident occurred. In *Dubish*, we discussed the significant change resulting from the 1976 amendment to K.S.A. 60-258 and distinguished the result reached in *In re Estate of Penn*, 216 Kan. 153, previously discussed herein. We concluded:

"The new statute's language is clear. No judgment is effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court." 234 Kan. at 714.

As noted by the majority opinion of the Court of Appeals, the result herein may appear harsh. However, the applicable express statutory language is clear and unambiguous.

The appellant administrator's alternative argument was adequately disposed of by the majority opinion of the Court of Appeals as follows:

"Charles' estate asserts that the division of property and marital status of the parties are two aspects of a divorce action that are divisible. This position is untenable. The cases cited by counsel do not support this proposition; in each of the cited cases, the journal entry and decree of divorce was effective. *Adamson v. Snider*, 131 Kan. 284, 291 Pac. 744 (1930); *Craig v. Craig*, 112 Kan. 472, 212 Pac. 72 (1923); *Martin v. Martin*, 5 Kan. App. 2d 670, 623 P.2d 527, *rev. denied* 229 Kan. 670 (1981).

"Although separation agreements are authorized by statute, K.S.A. 1988 Supp. 60-1610(b)(3), division of property and apportionment of debt are not necessary where the parties are not divorced. K.S.A. 60-258 renders the divorce decree ineffective in this case; therefore, the agreement incorporated therein must also be ineffective. If there is no divorce, there is no division of marital property." 13 Kan. App. 2d at 294.

The judgments of the Court of Appeals and the district court are affirmed.