**ASSURED INVESTMENT & LOAN, INC., and Jon Boxler, d/b/a Boxler Insurance Agency, Plaintiffs,**

v.

**UNITED STATES of America, Allen E. Kindall, and Peggy L. Kindall, Defendants.**

**Civ. A. No. 88–4274–S.**

United States District Court, D. Kansas.

Feb. 23, 1990.

R. Douglas Sebelius, Sebelius & Griffiths, Norton, Kan., for plaintiffs.

Benjamin L. Burgess, Jr., U.S. Atty., and D. Brad Bailey, Asst. U.S. Atty., Topeka, Kan., Peggy L. Kindall, Norton, Kan., and Presley Smith, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the United States of America's motion for summary judgment. Plaintiffs filed this action seeking to quiet title to real estate owned by Allen E. Kindall in order to enforce judgments obtained by plaintiffs against Allen E. Kindall. The United States asserts that its federal tax liens constitute a prior and superior claim to the real estate in question.

For purposes of the present motion, the court finds that the following facts are uncontroverted. On May 26, 1986, the

United States made an assessment against Allen E. Kindall for unpaid federal income taxes for the 1985 taxable year. On June 1, 1987, the United States made an assessment against Allen E. Kindall for unpaid federal income taxes for the 1986 taxable year. On March 4, 1988, plaintiffs filed their respective suits against Allen E. Kindall and Peggy L. Kindall in the District Court of Norton County, Kansas to recover on a promissory note and delinquent insurance premiums. On March 29, 1988, Peggy Kindall was granted a divorce from Allen Kindall. In that proceeding in the District Court of Norton County, Kansas, a portion of real estate was set aside as separate property of Allen Kindall, subject to a security interest granted in favor of Peggy Kindall for the purpose of guaranteeing payment of property taxes and indebtedness owed to plaintiffs. However, a journal entry was not filed in the divorce until April 8, 1988.

On March 31, 1988, Allen Kindall executed an agreement securing to plaintiffs his interest in the above-mentioned real estate for payment of the amount owed to plaintiffs. On that date, Allen Kindall also stipulated to judgment in plaintiffs' favor. Plaintiffs entered into possession of the real estate on or about March 31, 1988. On April 4, 1988, the Norton County District Court granted judgment in favor of plaintiffs and foreclosed the plaintiffs' security interest in the real estate.

On April 6, 1988, at 9:00 a.m., the United States filed a Notice of Federal Tax Lien with the Register of Deeds of Norton County, Kansas, against Allen E. Kindall in the amount of $3,629.93 for the unpaid balance of assessments made against Allen E. Kindall due to his failure to pay 1985 and 1986 income taxes. Later that same day, at 4:08 p.m. and 4:09 p.m. respectively, journal entries of judgment were filed in the District Court of Norton County, Kansas against Allen Kindall and Peggy Kindall and in favor of plaintiffs Assured Investment & Loan, Inc. and Jon Boxler, d/b/a Boxler Insurance Company.

■ Where Congress has not prescribed a different priority rule, the basic rule for priority of federal tax liens is "first in time is first in right." Therefore, a federal tax lien is junior only to those liens which became sufficiently choate before the tax lien arose, as defined by federal law. *United States v. Wingfield,* 822 F.2d 1466, 1473 (10th Cir.1987), *cert. dismissed,* 486 U.S. 1019, 108 S.Ct. 1762, 100 L.Ed.2d 222 (1988). The federal tax lien filed against Allen Kindall became effective against judgment lien creditors such as plaintiffs and Peggy Kindall at 9 a.m. on April 6, 1988, when notice was filed with the Norton County Registrar of Deeds. 26 U.S.C. § 6323(a). The issue thus before this court on the United States' summary judgment motion is whether the respective judgment liens of plaintiffs and Peggy Kindall became sufficiently specific and perfected as to constitute a choate lien before the notice of federal tax lien was filed so as to gain priority over the federal tax lien.

■ Choateness, or perfection of a state-created lien so as to defeat a later-filed federal tax lien, is always a question of federal law, with choate liens being "perfected" in the sense that there is nothing more to be done. *See Matter of Fisher,* 7 B.R. 490 (W.D.Pa.1980). Under federal law, liens become choate "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *United States v. Central Bank of Denver,* 843 F.2d 1300, 1307 (10th Cir.1988) (quoting *United States v. Pioneer American Ins. Co.,* 374 U.S. 84, 89, 83 S.Ct. 1651, 1655, 10 L.Ed.2d 770 (1963)).

Section 6323 of Title 26, United States Code, governs the validity and priority of federal tax liens. Subsection (a) of that section provides that the federal tax lien "shall not be valid as against any ... judgment lien creditor until notice ... has been filed." 26 U.S.C. § 6323(a). Treasury Regulation 301.6323(h)–1 provides the following definition of a "judgment lien creditor" under 26 U.S.C. § 6323:

(g) Judgment lien creditor. The term "judgment lien creditor" means a person who has obtained a valid judgment, in court of record and of competent jurisdiction, for the recovery of specifically des-

ignated property or for a judgment for the recovery of a certain sum of money. In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved. A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established. Accordingly, a judgment lien does not include an attachment or garnishment lien until the lien has ripened into judgment, even though under local law the lien of the judgment relates back to an earlier date. If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected until the time of such recordation or docketing...

26 C.F.R. Pt. 301.6323(h)–1(g).

■ In this case, the court finds that the judgment liens were not protected under Kansas law at the time the notice of the federal tax lien was filed. K.S.A. 60–258 provides, in relevant part:

No judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court.

Given that K.S.A. 60–258 provides that a judgment is not effective until the journal entry is filed with the clerk, the court finds that the judgment liens of plaintiffs and Peggy Kindall were not sufficiently choate to defeat the prior-filed federal tax lien. K.S.A. 60–258. *See* 26 C.F.R. Pt. 301.-6323(h)–1(g). *See also In re Marriage of Wilson*, 245 Kan. 178, 777 P.2d 773 (1989); *State v. Dubish*, 234 Kan. 708, 713–15, 675 P.2d 877, 883–84 (1984); *Brieger v. Brieger*, 197 Kan. 756, 758, 421 P.2d 1, 3 (1966).

The rationale for K.S.A. 60–258 appears to be at least two-fold. First, the statute provides a date certain on which a judgment becomes effective. Second, until the journal entry is filed with the clerk, the specifics of the judgment may be subject to change. Also, the rule has the benefit of providing clear notice to third parties that the judgment lien may now be choate, in that the identity of the parties, the property subject to the lien and the amount of the lien is more definitely established. Although the Kansas statutes provide that judgment liens may relate back from the time of judgment to when the petition was filed, the United States Supreme Court has held that state statutes allowing inchoate liens to attach at a certain arbitrary time do not determine the priority of federal tax liens, priority being a question of federal law. *See United States v. Acri*, 348 U.S. 211, 213, 75 S.Ct. 239, 241, 99 L.Ed. 264 (1955); *United States v. City of New Britain*, 347 U.S. 81, 86, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954); *United States v. Sec. Trust and Sav. Bank*, 340 U.S. 47, 50, 71 S.Ct. 111, 113, 95 L.Ed. 53 (1950). *See also* 26 C.F.R. Pt. 301.6323(h)–1(g). Because the court finds that no genuine issue of material fact exists in this case, and because notice of the federal tax lien was filed first, the federal tax lien is prior to the liens of the judgment creditors.

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendant United States of America for summary judgment is granted.